CRAIG (UNITED STATES v.). See Cases Nos. 14,882 and 14,883.

---

## Case No. 3,341.

### CRAIGIE et al. v. McARTHUR.

[4 Dill. 474; 9 Chi. Leg. News, 156; 4 Cent. Law J. 237; 15 Alb. Law J. 121; Syllabi, 115; 23 Int. Rev. Rec. 42.][1]

Circuit Court, D. Minnesota. Dec. Term, 1877.

REMOVAL OF CAUSES—ACT OF MARCH 3, 1875—NATURE OF SUIT—TIME—COURT IN WHICH APPLICATION MUST BE MADE.

1. A contest in regard to the distribution of the estate of a deceased person, where the amount involved is sufficient and the citizenship of parties is such as would confer jurisdiction, is a "controversy" that may be removed from the state to the federal courts under the provisions of act of congress of March 3, 1875 [18 Stat. 470].

2. Such removal, however, must be before trial in the court of original jurisdiction, and cannot be made from a court to which, after hearing, an appeal has been taken.

James G. Craigie died in Otter Tail county, in the state of Minnesota, September 8, 1872, leaving real and personal estate, and on petition of Annie McArthur letters of administration were granted to her March 13, 1876, by the probate court of that county. On May 18, 1876, the administratrix filed a petition for a final accounting, and for distribution of the estate, in which she claimed to be the sole heir at law of said James G. Craigie, deceased, and prayed that a decree be entered assigning to and vesting in her all the real and personal property in her hands or otherwise, belonging to said estate. A citation was issued by the probate court, fixing June

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 4 Cent. Law J. 237, contains only a partial report.]

13, 1876, as the day upon which a hearing would be had of the matters contained in the petition, and notice to all parties interested was ordered to be given by publication in a newspaper, to show cause, on that day, why the prayer of the petition should not be granted. Objection was filed in writing, on the day fixed for the hearing, by Barbara Craigie, John Craigie, Charles Craigie, Alexander M. Craigie, Elizabeth Enslie, Ann Clark, and Ellen R. Shephard, and, after the hearing and due consideration of the same, a decree was entered June 14, 1876, which, after reciting the proceedings in the administration of the estate, is as follows: "Now, therefore, it is ordered, adjudged, and decreed that the administration of the estate of said James G. Craigie be and the same is hereby concluded, and that the administratrix of said estate be and she is hereby discharged, and that all and singular the property and estate which was of the said James G. Craigie at the time of his death, and the increase thereof, * * * be and the same are hereby distributed, assigned to, and vested in the said Annie McArthur as the heir, and sole heir at law, of the said James G. Craigie."

On August 9, 1876, all the persons appearing and contesting the matters set up in the petition of Annie McArthur, with the exception of Alexander M. Craigie, took an appeal, by virtue of the statute of the state of Minnesota, to the district court of the seventh judicial district, and the same was perfected, and a certified transcript of all the proceedings had in the matter, and all the papers, petitions, orders, decrees, notices, etc., were filed in the clerk's office October 10, 1876.

A petition was filed for a removal of the suit under act of congress of March 3, 1875, in that behalf, to the United States circuit court for the district of Minnesota, October 18, 1876, setting up: (1) That an action has been commenced and is now pending in the district court of the seventh judicial district, on appeal from the judgment of the probate court, in which the petitioners are appellants, and Annie McArthur respondent. (2) That since the commencement of said action by said appeal in said court, there has been no term at which a trial of said action could be had. (3) That the amount in dispute is over five hundred dollars, exclusive of costs. (4) That at the time of the commencement of said action, all the appellants were and are aliens, and subjects of Victoria, Queen of Great Britain and Ireland, and reside in Scotland. (5) That the respondent is a citizen of the state of Minnesota, and resides therein. The proper bond was executed and the action was transferred, and a return was filed in this court December 8, 1876.

A motion is now made to remand the suit to the state district court, for the reasons: (1) That it is not such an action as the said United States circuit court can acquire juris-

diction of under any of the acts of the congress of the United States pertaining to the removal of causes from state courts. (2) That if this court could have jurisdiction of the cause, the petition and bond for its removal should have been presented to and filed in the state court of original jurisdiction, to-wit: the probate court of Otter Tail county, before or at the term of said court at which the cause could first be tried, and that the appellants having submitted themselves, by due appearance [by written objection],[2] to the jurisdiction of the said probate court, and gone to trial there upon the merits, it is too late to first apply for a removal to the United States court after appeal taken from the judgment of said probate court to a higher and appellate state court.

Chas. D. Kerr, for the motion.

Bigelow, Flandrau & Clark and E. E. Corliss, contra. .

NELSON, District Judge. Conceding, for the sake of the argument, that the probate of a will and the appointment of an administrator of an intestate's estate are not proper subjects to be determined in the federal courts, yet, when the estate is ready for distribution and a claim is made for the whole of the estate or a portion thereof, and contested, if the necessary conditions exist, I think a removal is authorized on proper application being made. All the essential elements of a controversy exist. There are parties, and a contest in reference to property, and informal pleadings under which the disputed matters are to be settled by a court. The act of congress authorizes a removal from a court of limited or general jurisdiction, and a controversy in a probate court involving the distribution of an estate between parties who appear and submit to the jurisdiction and litigate therein, is certainly a suit of "a civil nature * * * in equity." 45 Me. 571; 4 Pa. St. 301; 22 N. Y. 421; 20 Minn. 247 [Gil. 220]; 19 Wis. 200. The probate court of the state of Minnesota is a constitutional court of record, with a seal, and regular terms fixed by law. Section 1, art. 6, Const. Minn.; 2 Biss. St. Minn. 739; 1 Biss. St. Minn. p. 672, § 169. Its decrees, orders, and judgments are binding upon all persons, and the right of appeal is given to the district court, and finally to the supreme court of the state. Pleadings are not necessary, but all applications made to the court orally or in writing are embodied in its records. At the time when the proceedings in that court assume the form of a controversy between parties, and the conditions requisite exist, the suit is removable. Gaines v. Fuentes, 92 U. S. 14. When, in answer to a notice of the hearing of the matters to be determined in the probate court, the petitioners filed their objection and instituted a contest, the right of removal could have been enforced. It is urged that there is no controversy inter partes in the probate court, and that the appeal is the commencement of a new suit, when, for the first time, it is known who are the parties interested. I do not so understand the situation of such controversies. The notice authorized to be published by the probate court fixed the time when the matters set forth in the petition would be determined by the court, and specified the several questions which would be settled. If no objection is made, a decree in accordance with the prayer of the petition would be conclusive; but opposition being made, a hearing or trial must take place, and all the matters at issue litigated. When the contestants interposed objections, certainly the parties to a controversy were known, and the decree was binding upon them, as well as all others interested. It is too late, after the determination of the litigated matters in the probate court, and an appeal taken to the district court of the state, to initiate steps for a removal. No such right then exists, and to entertain jurisdiction would be an attempt to exercise a revisory power over the judgment of the probate court which is given by law to another tribunal. This court has entertained jurisdiction of the removal of a suit pending in a state court, on an appeal from commissioners appointed by that court to fix the value of private property taken under the right of eminent domain, by an incorporated company—3 Dill. 465 [Patterson v. Mississippi & R. R. Boom Co., Case No. 10,829]—but this appeal is of an entirely different character. In the former case, the appeal was from an appraisement by commissioners authorized under the charter of the company, which provided for an appeal from the award to the district court, and upon the appeal being taken the clerk is authorized to set it down as a cause upon the docket of the court appointing the commissioners. A suit, then, for the first time is instituted in a court. In the case before me, the initiatory proceedings and contest were in a court recognized as one of the judicial tribunals of the state, and the appeal was from a decree of that court. The removal of a suit, under the act of congress of March 3, 1875, must be from the court of original jurisdiction.

DILLON, Circuit Judge. I am of opinion that the removal was not applied for in time, under the act of March 3, 1875, and that the cause should be remanded. .Remanded.

---

[2] [From 9 Chi. Leg. News, 156.]