### STATE *v*. PORT and others.

*(Circuit Court, N. D. Georgia. July, 1880.)*

1. REMOVAL—CRIMINAL PROSECUTION—REV. ST. § 643.—A criminal prosecution is commenced, within the meaning of section 643 of the Revised Statutes, relating to the removal of such prosecution from a state to a federal court, as soon as a warrant has been issued.

2. COURT—JUSTICE OF THE PEACE—CONSTITUTION OF GEORGIA, ART. 6, § 1.—Under the constitution of the state of Georgia (art. 6, § 1) a justice of the peace is an officer clothed with judicial powers, when acting in his judicial capacity, and within his jurisdiction is, to all intents and purposes, a court, before whom a criminal prosecution can be lawfully commenced.

Petition for Removal.

On the second day of July, 1880, an affidavit was made by Mary E. Jones before John B. Suttles, Jr., a justice of the peace of Campbell county, Georgia, charging that on June 24th last, at said county, the defendant, A. W. Port, and 12

others, did commit the offence of murder upon the person of William A. Jones. The affiant declared also that her affidavit was made that a warrant might issue for the arrest of the accused persons. Thereupon the justice issued a warrant for the arrest of the parties charged in the affidavit, directed to any sheriff, deputy sheriff, coroner, constable, or marshal of the state of Georgia.

The warrant came to the hands of H. L. Collier, deputy sheriff of Fulton county, Georgia, within whose limits the accused resided. On July 7th Collier arrested and took into custody Port and nine others of the accused, and made a return to that effect upon the warrant on July 13th, and before they had been taken before the justice of the peace who issued the warrant against them.

Port and the other parties arrested, being in custody of the sheriff of Fulton county, filed their petitions, under oath, in the United States circuit court for the northern district of Georgia, of which Campbell county forms a part, in which they alleged the making of the affidavit, the issuing of the warrant, and their arrest thereunder, as above set forth, and prayed for the removal to said court of the prosecution which they alleged had been commenced against them. Their petition stated the grounds on which the removal was asked, as follows:

"At the time the alleged killing occurrred they and all of them were officers appointed under and acting by authority of the internal revenue laws of the United States; that they were 'deputy collectors' of internal revenue in and for the second collection district of Georgia, which said collection district includes said county of Campbell, and that each of the petitioners was then and there acting under color of said office and of said internal revenue laws, and that the act, for the alleged commission of which said affidavit was made and said warrant of arrest was issued, was done, if done at all, in their own necessary self-defence, and while engaged in the discharge of their duties as deputy collectors of internal revenue as aforesaid, and while acting under authority of said internal revenue laws of the United States as aforesaid; that

what they did was done under and by right of their said office; that it was their duty to seize illicit distilleries and the apparatus used for the unlawful distillation of spirits, and that while attempting to seize such distilleries as aforesaid, in said collection district and said northern district of Georgia, and having engaged in such attempt to seize said distilleries, under and by authority of the revenue laws of the United States, as such deputy collectors aforesaid, they were assaulted and fired upon with guns and other deadly weapons by a number of armed men, and that, in defence of their own lives, they returned the fire of their assailants, which is the alleged murder mentioned in said affidavit and warrant of arrest; and petitioners aver and say that said criminal prosecution was commenced against them in said state court for alleged acts which were done, if done at all, as officers appointed under and acting by authority of the internal revenue laws of the United States, and against them as officers acting under and by authority of officers appointed under and acting by authority of the internal revenue laws of the United States, and on account of acts done under color of their said office and under color of the internal revenue laws of the United States, and on account of the right, title, and authority claimed by petitioners under the internal revenue laws of the United States."

Upon this petition for removal the case came on for hearing before the United States circuit court for the northern district of Georgia, which was in session.

*S. A. Darnell*, Ass't Dist. Att'y, *John L. Hopkins, John S. Bigby* and *George S. Thomas*, for petitioners.

*S. B. Spencer, contra.*

WOODS, C. J.    It is conceded that the petition for removal contains all the averments necessary to be made, under section 643 of the United States Revised Statutes, for the removal of a criminal prosecution from a state to the federal court.

Heretofore the constitutionality of the act under which this removal is sought has been vigorously assailed in this court. That question, however, has been definitely settled in favor of

the constitutionality of the act by the recent decision of the supreme court of the United States in the case of the *State of Tennessee* v. *Davis*, 100 U. S. 257.

The question which has been mainly discussed by counsel is whether, under the facts of this case, it can be held that a criminal prosecution against the accused has been commenced in a court of the state, within the meaning of section 643 of the Revised Statutes of the United States. Leaving out that portion of the section which does not apply to this case it reads as follows: "When any * * criminal prosecution is commenced in any court of a state against any officer appointed under or acting by authority of any revenue law of the United States now or hereafter enacted, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or of any such law, or on account of any right, title, or authority claimed by such officer or other person under such law, * * the said prosecution may, at any time before the trial or final hearing thereof, be removed for trial into the circuit court next to be holden in the district where the same is pending, upon the petition of such defendant to such circuit court."

Upon the filing of the petition setting out the facts, and verified and certified as required by law, "the cause shall, thereupon, be entered on the docket of the circuit court, and shall proceed as a cause originally commenced in said court. * * When the suit is commenced by *capias*, or by any other similar form of proceeding by which a personal arrest is ordered, the clerk shall issue a writ of *habeas corpus cum causa*, a duplicate of which shall be delivered to the clerk of the state court, or left at his office by the marshal of the district, * * and thereupon it shall be the duty of the state court to stay all further proceedings in the cause, and the suit or prosecution, upon the delivery of such process, * * shall be held to be removed to the circuit court, and any further proceedings, trial, or judgment therein in the state court shall be void."

The first question for decision under this statute is, has a criminal prosecution been commenced against these petition-

ers? It is insisted by counsel for the state of Georgia that a criminal prosecution cannot be considered as commenced until indictment found. I have been able to discover no solid ground for this claim. An affidavit charging the defendants with the crime of murder has been made and filed by a competent person before a judicial officer competent to act. The law makes it his duty to consider the affidavit, and to determine whether its averments make it incumbent on him to issue a warrant for the arrest of the parties accused. He has performed that duty and decided judicially that a warrant should issue. He has accordingly issued his warrant and directed it to the proper officers, requiring them to arrest the parties named therein. This warrant has come to the hands of the sheriff of Fulton county, who, in obedience to its mandate, has arrested and taken into custody, and for six days has held in custody, and deprived of their liberty these defendants. To be able to say to them, when they apply for the removal of this prosecution, that their petition must be denied because no prosecution has been commenced against them, the court must shut its eyes to the conceded facts in the case. It would be hard to convince a man who was taken away from his business and family, and held in custody by a sheriff on a lawful warrant for his arrest, duly issued by a judicial officer upon an affidavit duly made before him, charging him with an offence against the criminal laws of the state, that no criminal prosecution had been commenced against him.

There is nothing in the words of section 643, or in its purpose, to warrant such an idea. Its object is to take from the state courts jurisdiction of all cases that fall within its terms as soon as they are commenced.

Now, when is a criminal prosecution commenced? Obviously as soon as the warrant is issued. It has been so held in the case of *Queen* v. *Brooks and Gibson*, 1 Denison, 217, (5 British Crown Cases, 222.) This was an indictment upon 9 Geo. IV. c. 69. By the fourth section of the statute it was declared: "The prosecution for every offence punishable by indictment, by virtue of that act, shall be commenced within twelve calendar months after the commission of the offence."

The offence was committed December 4, 1845. The information before justices and warrant were on December 19, 1845. Brooks was apprehended September 5, 1846, and Gibson October 21, 1846. The indictment was preferred April 5, 1847. The question was reserved for the opinion of the judges whether the prosecution was commenced in time. They all concurred in holding that the prosecution was commenced within 12 calendar months after the commission of the offence. To the same effect see 1 East, P. C. 186; *Rex* v. *Wallace*, R. & R. C. C. 369; and *Rex* v. *Phillips*, *Russell & Ryan*, 369, (1 British Crown Cases, 369.)

The difficulties and embarrassments which would arise in this court in the future progress of the case, if it should now be removed, have been urged by counsel for the state of Georgia as an argument against the view above taken. The same argument has been before used in this court against the removal of a criminal prosecution from a state court to this court after indictment found.

It was urged that the statute did not authorize such removal on account here of the difficulties and incongruities which would arise in a trial in this court of an offence against the laws of the state. That argument did not prevail, and an indictment for murder, removed from the state courts, was tried in this court. *Georgia* v. *O'Grady*, 3 Woods, 469.

No insuperable difficulties were encountered in the case, and none, it is fair to presume, will be in this. No reason is perceived why an indictment for an offence against the laws of Georgia may not be found by a grand jury of this court in the case of a prosecution removed from the state court. The difficulties in the way of such an indictment, and the subsequent trial of it, are, in my judgment, imaginary. But, if they were real, it would be no answer to the petitions for removal. In the case of *The State of Tennessee* v. *Davis*, *supra*, the supreme court says: "Whether there is any mode and manner of procedure in the trial prescribed by the act of congress is totally immaterial to the inquiry whether the case is removable, and this question could hardly have arisen upon a motion to remand the case. The imaginary difficul-

ties and incongruities supposed to be in the way of trying in the circuit court an indictment for an alleged offence against the peace and dignity of a state, if they were real, would be for the consideration of congress. But they are unreal."

All this applies to proceedings in criminal practice so removed, no matter at what stage of the prosecution · the removal may be made. My conclusion is, therefore, that when this petition for removal was filed, on July 13th, a criminal prosecution had been commenced against the defendants. But it is insisted that, if there was a criminal prosecution commenced, it was not commenced in a court of the state. The contention is that the proceedings of John B. Suttles, Jr., justice of the peace, in taking the affidavit of Mary E. Jones, and filing it, and issuing his warrant of arrest thereon, were not proceedings in a court. It is obvious to remark that, if a criminal prosecution had been commenced at all, it must necessarily have been commenced in a court. The constitution of Georgia, art. 6, § 1, declares: "The judicial powers of this state shall be vested in the supreme court, superior courts, courts of ordinary, and justices of the peace," etc.

A justice of the peace is, therefore, an officer, clothed with judicial powers, when acting in his judicial capacity, and within his jurisdiction he is, to all intent and purposes, a court. In receiving the affidavit of Mary E. Jones, and deciding that it sufficiently charged a crime against the laws of the state and authorized the issuance of a warrant, he acted judicially. His proceedings in the matter were the proceedings of a court, having jurisdiction to do everything that was done. By the Code of Georgia a justice of the peace, while sitting as a committing magistrate, is recognized as a court. Section 4730 declares: "Any judge * * * or justice of the peace may hold a court of inquiry to examine into any accusation against any person legally arrested and brought before him."

This prosecution had progressed so far before the filing of the petition for removal that the very next step would have been the holding of a court of inquiry by the justice of the peace. The prosecution was pending before him for that

very purpose and no other. At this stage of the case this petition was interposed, and this court invoked to take the next judicial step in the prosecution. Does the claim that there was no court in which the prosecution was pending stand on any solid ground? In my judgment, clearly not.

My conclusion is, therefore, that when this petition was filed it asked for the removal of a criminal prosecution which had been commenced against the petitioners in a court of the state of Georgia; and, as the petition sets out all the other facts necessary under section 643 of the Revised Statutes to justify a removal of a criminal prosecution from a state to a federal court, that the filing of the petition and the service on the state court of a duplicate of the writ of *habeas corpus cum causa, ipso facto,* removes the prosecution to this court.