KATZ v. HERSCHEL MFG. CO.

(Circuit Court, D. Nebraska. December 19, 1906.)

REMOVAL OF CAUSES—ACTION BEFORE JUSTICE OF THE PEACE.

An action pending before a justice of the peace in a state, whose constitution makes such courts a part of its judicial system, and clothes them with judicial powers, is removable to a national court on the petition of the nonresident defendant, if there exists the proper diversity of citizenship, and the value of the matter in controversy exceeds $2,000, exclusive of interest and costs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 27.]

(Syllabus by the Court.)

On Motion to Remand.

Crane & Boucher, for plaintiff.

Chas. A. Goss, for defendant.

TRIEBER, District Judge. This was an action of unlawful detainer instituted in a justice of the peace court and by the defendant, a foreign corporation, removed to this court. The matter in controversy exceeds in value the sum of $2,000, and the requisite diversity of citizenship exists. But it is contended on behalf of the plaintiff that an action cannot be removed from a court of a justice of the peace. The removal act of Congress makes no distinction between superior and inferior courts, courts of general and courts of limited jurisdiction, or courts of record and courts not of record. The language used is:

"That any suit of a civil nature, at law or in equity, * * * which may now be pending or which may hereafter be brought in a state court, may be removed," etc.

That an action of unlawful detainer is a suit of a civil nature, under the laws of the state of Nebraska, is not controverted.

Justices of the peace, when clothed with the judicial power to hear and determine cases and render judgments, must certainly be regarded as courts. It is true they are inferior courts, and not courts of record; but a judgment rendered in such a court, when there is jurisdiction of the person by due service of process and jurisdiction over the subject-matter, is just as conclusive as that of any other court. When a judgment of a justice of the peace is collaterally attacked, the same presumptions of jurisdiction may not be indulged in as will be in relation to judgments rendered by a court of record of general jurisdiction, but in all other respects they are as conclusive as the judgments of the highest courts. Thus it has been held in Cason v. Bone, 43 Ark. 17, that a justice of the peace was a judicial officer, and not liable in damages on account of any of his judicial acts; the court saying:

"This rule [of immunity] applies alike to the highest judges in the land and to the lowest officer who sits as a court and tries petty causes."

A collation of the authorities will be found in 18 Am. & Eng. Enc. Law (2d Ed.) p. 46.

Justices' courts in the state of Nebraska are not mere creatures of the Legislature, but they are courts created by the Constitution itself. Section 1 of article of the Constitution of the state of Nebraska provides:

"The judicial power of this state shall be vested in a Supreme Court, district courts, county courts, justices of the peace, police magistrates and such other courts inferior to the district courts as may be created by law for cities and incorporated towns."

Section 18 of the same article provides for the jurisdiction of justices. Under an identical provision of the Constitution of Georgia it was held by Mr. Justice Wood, then a circuit judge of the United States, in State v. Port (C. C.) 3 Fed. 117, that causes pending before a justice of the peace may be removed to the federal court. This was afterwards approved and followed in State v. Bolton (C. C.) 11 Fed. 217, and State v. Kirkpatrick (C. C.) 42 Fed. 689. It is true these cases were by the Supreme Court overruled in Virginia v. Paul, 148 U. S. 107, 13 Sup. Ct. 536, 37 L. Ed. 386; but not on that point. The matter overruled by the Supreme Court was the ruling of the Circuit Courts that a proceeding before a justice of the peace, who was sitting as an examining magistrate investigating a charge which could only be tried in a higher court and after an indictment, was a criminal prosecution within the meaning of section 643, Rev. St., and therefore removable. This was held by the Supreme Court to be erroneous; that court holding that such a proceeding was not a criminal prosecution within the meaning of that statute. In Wood v. Matthews, 2 Blatchf. 370, Fed. Cas. No. 17,955, it was expressly held that a cause may be removed from a justice of the peace.

Under the laws of Nebraska actions of forcible entry and unlawful detainer can only be maintained in a justice court, and, if such an action cannot be removed to a federal court when the matter in controversy exceeds in value $2,000, then the defendant would be denied a privilege guarantied to him by the Constitution and laws of the United States.

In answer to this, it is contended that, as an appeal to the district court would lie from the decision of the justice of the peace, the cause could be removed from the district court. But this is not true. A cause can only be removed from the court of original jurisdiction, and not from the appellate tribunal. Stevenson v. Williams, 19 Wall. 572, 22 L. Ed. 162; Lowe v. Williams, 94 U. S. 652, 24 L. Ed. 216; Craigie v. McArthur, 4 Dill. 474, Fed. Cas. No. 3,341; McCallon v. Waterman, 1 Flip. 651, Fed. Cas. No. 8,675. In Craigie v. McArthur it was sought to remove a cause from the district court, originally instituted in the probate court and appealed from that court, but it was held that, although upon appeal to the district court the cause would be tried de novo in the latter court, it was too late to remove it from the appellate court, but that the removal should have been from the probate court. In Stevenson v. Williams, Mr. Justice Field, in delivering the opinion of the court, said:

"The act of Congress under which the removal was asked only authorizes a removal where the application is made before the final hearing or trial of the

suit, and this clearly means before final judgment in the court of original jurisdiction where the suit is brought."

As this is a civil action pending in a state court, the value of the matter in controversy exceeding $2,000, and the plaintiff being a citizen of the state of Nebraska, and the defendant a foreign corporation, the right of removal existed, and the motion to remand must be overruled.