Submitted on briefs October 3, affirmed October 5, 1916.

## WEBSTER *v.* BOYER.

(159 Pac. 1166.)

**Justices of the Peace—Tenure—"Court"—"Judge."**

1. Within Article VII, Sections 1, 2, of the Constitution, as amended November 8, 1910, providing that the judicial power shall be vested in the Supreme Court and such other courts as may be created by law, that the judges thereof shall be elected for six years, and that the courts and judicial system, except as expressly changed by the amendment shall remain as at present till otherwise provided, a Justice's Court is a "court" and a justice of the peace a "judge"; the original sections providing for justices of the peace with limited judicial powers.

From Marion: WILLIAM GALLOWAY, Judge.

In Banc.    Statement by MR. JUSTICE MCBRIDE.

This is a suit for injunction by Daniel Webster against U. G. Boyer.

The complaint shows that at the general election for 1912 the plaintiff was elected justice of the peace for Salem precinct, in Marion County, and still holds said office; that at the primary nominating election held in May, 1916, R. C. Wygant was nominated for justice of the peace for said precinct, and a certificate of nomination issued to him; that the defendant, the county clerk, unless restrained, will place the name of said Wygant upon the official ticket to be voted at the ensuing November election, and, as the said Wygant is the only candidate for said office, the defendant will after such election issue to him a certificate of election, thereby causing irreparable injury and interminable confusion by reason of the fact that there will be two persons each claiming to hold and exercise the duties of justice of the peace in said precinct. Other allegations not necessary to detail here appear. The prayer of the complaint is for an order enjoining defendant

from placing Wygant's name upon the ballot. That part of the Constitution applicable to this case is found in Article VII, Sections 1 and 2, as amended November 8, 1910, which are as follows:

"The judicial power of the state shall be vested in one Supreme Court and in such other courts as may from time to time be created by law. The judges of the Supreme and other courts shall be elected by the legal voters of the state or of their respective districts for a term of six years. * * The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law. * * "

There was a demurrer to the complaint, which being overruled, and defendant refusing to plead further, there was a decree enjoining defendant from placing the name of R. C. Wygant upon the ballot, from which decree defendant appeals.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

                                                     AFFIRMED.

For appellant there was a brief submitted over the name of *Mr. Ernest R. Ringo,* District Attorney.

For respondent there was a brief presented over the names of *Messrs. McNary & McNary* and *Mr. Everil M. Page.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

1. Two questions are raised by the briefs upon this appeal: Is a Justice's Court a "court" and is a justice of the peace a "judge" within the meaning and intent of Article VII of Sections 1 and 2 of the Constitution? We answer both questions in the affirmative. Article

VII of Sections 1 and 2 of our original Constitution
were as follows:

"The judicial power of the state shall be vested in a
Supreme Court, Circuit Courts and County Court,
which shall be courts of record, having general juris-
diction, to be defined, limited and regulated by law,
in accordance with this Constitution.   Justices of the
peace may also be invested with limited judicial
powers, and municipal courts may be created to ad-
minister the regulations of incorporated towns and
cities.   The Supreme Court shall consist of four jus-
tices, to be chosen in districts by the electors thereof,
who shall be citizens of the United States, and who
shall have resided in the state at least three years next
preceding their election, and after their election, to
reside in their respective districts.   The number of
justices and districts may be increased, but shall not
exceed five, until the white population of the state shall
amount to one hundred thousand, and shall never ex-
ceed seven; and the boundaries of districts may be
changed, but no change of district shall have the effect
to remove a judge from office, or require him to change
his residence without his consent."

It will be observed that the sections as amended omit
all reference to justices of the peace *eo nomine,* but
vest judicial power in the Supreme Court and "such
other courts as may from time to time be provided by
law."   But for the proviso in Article VII, Section 2,
the whole system of Circuit Courts, County Courts,
and Justices' Courts would have been repealed.   If
Justices' Courts exist now, it is because they are in-
cluded among the courts preserved by the terms of
Section 2.   It is not conceivable that the framers of
the amended Article VII intended to abolish Justices'
Courts and thus leave a hiatus in our judicial system
to be filled by subsequent legislation.   The Constitu-
tion of Georgia (Article VI, Section 1) is similar to

our original Constitution in respect to the distribution of judicial powers. It reads:

"The judicial powers of this state shall be vested in the Supreme Court, Superior Courts, courts of ordinary, and justices of the peace."

In *State* v. *Port* (C. C.), 3 Fed. 117, 123, the court in construing this provision says:

"A justice of the peace is therefore an officer, clothed with judicial powers, when acting in his capacity, and within his jurisdiction he is, to all intent and purposes, a court."

See, also, *Tissler* v. *Rhein,* 130 Ill. 110 (22 N. E. 848); *Scott* v. *Spiegel,* 67 Conn. 349 (35 Atl. 262).

In our statutes and reports, as well as in common parlance, the proceedings before a justice of the peace are always referred to as proceedings in "Justices' Courts," and it is only fair to presume that when the amendment of 1910 speaks of courts it was intended to include all courts and all tribunals then generally called and recognized as courts. Being by the Constitution invested with judicial powers, it would seem to follow naturally that a justice of the peace is a judge. By title he is a justice of the peace, by function he is a judge—just as judges of this court are by title justices, and by function judges. In New York it has been frequently held that statutes relating to judges should be construed as applying to justices of the peace. Thus, where the statute declared that no judge of any court could sit in any cause in which he was interested, it was held that the term "judge" included a justice of the peace: *Edwards* v. *Russell,* 21 Wend. (N. Y.) 63; *Baldwin* v. *McArthur,* 17 Barb. (N. Y.) 414; *Foot* v. *Morgan,* 1 Hill (N. Y.), 654. And so, where the statute declared that no judge of any court should have a voice in the decision of any cause

in which he had been attorney or solicitor, it was held that a justice of the peace was a judge within the meaning of the law: *Carrington* v. *Andrews,* 12 Abb. Pr. (N. Y.) 348.

We are of the opinion that a Justice's Court is a court and a justice of the peace a judge within the meaning and intent of Article VII, Sections 1 and 2, of the Constitution, as amended in 1910; and that plaintiff is entitled to hold the office of justice of the peace for the term of six years from January 1, 1913.

The decree of the Circuit Court is affirmed.

AFFIRMED.