Argued October 9, writ allowed October 13, 1924.

# STATE ex Rel. C. J. SMITH v. SAM A. KOZER.

(229 Pac. 679.)

**Elections—Convenient Arrangement of Names Required on Ballots Permitting Voter to Choose Between Candidates or Write Other Name Constitutional Right of Electors.**

1. It is constitutional right of electors to have names of candidates on ballot, where two or more offices of same kind are to be filled so arranged that they may either choose from list of candidates nominated or may write in names of other persons.

**Judges—Constitution Does not Recognize Partitioned or Divided Office of Supreme Court.**

2. State Constitution, in so far as election of justices to Supreme Court is concerned, does not recognize partitioned or divided office of justice of Supreme Court.

**Elections—Secretary of State has No Discretion in Matter of Form of Ballots or Designation of Officer.**

3. Secretary of State, in certifying arrangement of contents of official ballots, acts ministerially, and is not vested with any discretion as to form of ballots or designation of officer.

**Mandamus—Is Appropriate Remedy to Direct Arrangement of Official Ballot.**

4. *Mandamus* is appropriate remedy to direct arrangement of official ballot.

**Elections—Proper Form of Official Ballot as Related to Candidates for Justice of Supreme Court Determined.**

5. Where, after two candidates for office of justice of Supreme Court were nominated, another vacancy occurred, and third candidate was nominated by petition, *held* official ballot should not indicate two candidates for office first vacated, and but one for the other, but that office to be filled should merely be designated as "justice of Supreme Court," with three candidates, and directions to vote for two.

Original proceeding in *mandamus.*

Department 2.

WRIT SUSTAINED.

It is disclosed by the alternative writ of *mandamus* and the answer thereto, omitting the formal parts, substantially as follows.

That under the laws and Constitution of Oregon there will be two vacancies of justice of the Supreme

Court, and two justices of the Supreme Court are to be elected to fill such vacancies at the regular general election to be held throughout the state on November 4, 1924; that it is the official duty of the defendant as Secretary of State to arrange the information and names of candidates for state offices and for justices of the Supreme Court, and other information required by law, on the official ballot to be used at said election and to send certified copies thereof to the several county clerks of the State of Oregon; and also to post the original thereof in his office.

That the Secretary of State has prepared such information and arrangement of names of the candidates for said office of justice of the Supreme Court and has arranged said names and information on said ballots as follows:

"FOR JUSTICE OF THE SUPREME COURT. To fill Vacancy Caused by the Resignation of Justice LAWRENCE T. HARRIS                    Vote for One.

| | |
|---|---|
| HARRY H. BELT, of Polk County | Republican |
| O. P. COSHOW, of Douglas County | Democratic-Progressive. |

"FOR JUSTICE OF THE SUPREME COURT. To Fill Vacancy Caused by the Death of Justice JOHN McCOURT                    Vote for One.

| | |
|---|---|
| PERCY R. KELLY of Linn County | Independent." |

That the information and arrangement made as above set forth is contrary to the Constitution and Laws of Oregon, and that it is the official duty of the Secretary of State to arrange said information and names in the following form:

"FOR JUSTICE OF THE SUPREME COURT

Vote for Two.

HARRY H. BELT, of Polk County          Republican

O. P. COSHOW, of Douglas County

Democratic-Progressive

PERCY R. KELLY, of Linn County

Independent."

That the defendant, Secretary of State, refuses so to do.

That the term of office for which Lawrence T. Harris was elected justice of the Supreme Court of Oregon would expire on the third day of January, 1927; that the term of office for which John McCourt was elected justice of the Supreme Court of Oregon would expire on the seventh day of January, 1929, and that if the justices are elected at the November election, 1924, to fill said unexpired terms, it will cause additional elections in 1926 and 1928 to elect justices for full terms; that the Constitution of Oregon provides that justices of the courts of Oregon shall be elected for six-year terms and that if not so elected it will cause expense, trouble and increase of burden of taxation upon the legal voters and taxpayers of Oregon.

That if the ballot be issued in the form in which it is already prepared and if the ballot in that form shall be voted by the legal electors of the State of Oregon, said electors will thereby be deprived of their constitutional rights to vote for two justices of the Supreme Court at the regular general election on November 4, 1924, for the full term of six years each.

Issues were raised in the return to the writ, as to the conclusions embodied in the alternative writ, but there is no real dispute as to the facts. It is

further stated in the answer that Lawrence T. Harris, whose term as associate justice of the Supreme Court would expire in January, 1927, resigned said office on the fifteenth day of January, 1924; that at the direct primary nominating election held throughout the State of Oregon on May 16, 1924, the Republican party nominating Harry H. Belt, of Polk County, and the Democratic party nominating O. P. Coshow of Douglas County to fill such vacancy; that the Progressive party at its state convention held on the sixth day of September, 1924, nominated the said O. P. Coshow to fill such vacancy; that said persons so nominated, duly accepted said nominations respectively, and were candidates for such nominations by said respective parties and are now candidates for said office to fill such vacancy; that there was no other vacancy of the office of justice of the Supreme Court existing at the time said nominations were made and accepted; and it was not then known that any other vacancy in said office would occur in time to be filled at the general election to be held November 4, 1924. They were nominated as aforesaid to fill the vacancy caused by the resignation of Lawrence T. Harris and no other.

That John McCourt whose term as associate justice of the Supreme Court of the State of Oregon would expire on the first Monday of January, 1929, died on the twelfth day of September, 1924; that Percy R. Kelly of Linn County, Oregon, was thereafter nominated as an independent candidate as justice of the Supreme Court to fill the vacancy caused by the death of John McCourt, by proper petition of individual electors, which is filed in the office of the Secretary of State, on the twenty-third day of September, 1924; that neither O. P. Coshow nor Harry

112 Or.—19

H. Belt was nominated as a candidate · to fill such vacancy, nor was either of said persons nominated as a candidate for the office of justice of the Supreme Court after the death of John McCourt. That Percy R. Kelly was not nominated to fill the vacancy caused by the resignation of Lawrence T. Harris.

That on the nineteenth day of September, 1924, the Secretary of State prepared and furnished each county clerk a statement showing the several state and district offices to be filled in his county at such election and in such statement included the office of one justice of the Supreme Court to fill the vacancy caused by the resignation of Lawrence T. Harris and the office of one justice of the Supreme Court to fill the vacancy caused by the death of John Mc-Court, as required by Section 3892, Or. L.

That on the twenty-ninth day of September, 1924, the defendant arranged in the manner provided by law for the arrangement of the names and other information upon the ballot all of the names and other information concerning all of the candidates for election at the final election to be held in the State of Oregon November 4, 1924, contained in the certificate of nomination which had been filed with him and accepted by the nominees in accordance with the statutes of the State of Oregon, including the names of and information concerning the candidates for justice of the Supreme Court in the manner and form set forth in the alternative writ and duly certified the same and filed the same in his office and made and transmitted a duplicate thereof by registered letter to the county clerk of each county in the state.

The plaintiff demurred to the answer for insufficiency of facts stated therein.    Writ Allowed.

For plaintiff, *Mr. W. S. U'Ren.*

For defendant, *Mr. I. H. Van Winkle,* Attorney General.

BEAN, J.—Section 1 (a) of the Constitution of Oregon ordains as follows:

"§ 1a. *Judicial Power of State, in Whom Vested— Term of Supreme Judges—1910 Amendment.* The judicial power of the state shall be vested in one Supreme Court and in such other courts as may from time to time be created by law. The judges of the Supreme and other courts shall be elected by the legal voters of the state or of their respective districts for a term of six years, * * "

Section 2b of Article VII is as follows:

"§ 2b. *Judicial System Shall Remain the Same Except—Original Jurisdiction in Certain Cases— 1910 Amendment.* The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law. But the Supreme Court may, in its own discretion, take original jurisdiction in *mandamus, quo warranto* and *habeas corpus* proceedings. (Initiative Amendment of 1910, § 2)"

Prior to the initiative amendment of Article VII of the Constitution in 1910, Sections 3 and 4 of that Article read as follows:

"§ 3. *Term of Office.* The judges first chosen under this Constitution shall allot among themselves their terms of office, so that the term of one of them shall expire in two years, one in four years, and two in six years, and thereafter one or more shall be chosen every two years, to serve for the term of six years."

"§ 4. *Vacancy.* Every vacancy in the office of judge of the Supreme Court shall be filled by election

for the remainder of the vacant term, unless it would expire at the next election, and until so filled, or when it would so expire, the governor shall fill the vacancy by appointment.''

It is contended by plaintiff that there is a conflict between the provisions of Section 1 (a) of Article VII as amended in 1910 and Section 4 of the original Article VII; that both provisions cannot be enforced without depriving the legal voters of a constitutional right.

According to the plain mandate of Article VII, Section 1 (a) of the Constitution the judges of the courts of the state are elected for the term of six years. It has been so held by this court: *State* v. *Holman,* 73 Or. 18, 25 (144 Pac. 429); *Phy* v. *Wright,* 75 Or. 428 (146 Pac. 138; 147 Pac. 381); *Webster* v. *Boyer,* 81 Or. 485 (159 Pac. 1166, Ann. Cas. 1918D, 988).

Under the Constitution prior to the amendment of 1910, a vacancy occurring within the term of a judge of the Supreme Court was filled by election, and the person so elected held not for the full period of six years, but for the remainder of the unexpired term. This was for the purpose of arranging so that one or more could be elected every two years according to the mandate of Section 3 of the Constitution above quoted: *State* v. *Ware,* 13 Or. 380 (10 Pac. 885). This provision of Section 4 of the original Article VII of the Constitution has been changed by the amendment referred to. There is no longer any necessity for an election to fill a vacancy for an unexpired term caused by death, resignation or otherwise, of a judge of the Supreme Court. The provision of Section 1 (a), Article VII, that ''The

judges of the Supreme Court and other courts shall be elected * * for the term of six years'' does not warrant nor allow such an election.

While it is alleged in the return to the writ by the defendant that at the primary nominating election held on May 16, 1924, both Hon. Harry H. Belt and Hon. O. P. Coshow were nominated as candidates for justice of the Supreme Court, it is noticed that on the official primary nominating election ballots of each of the respective political parties, as certified by the Secretary of State, their respective names follow this designation ''For justice of the Supreme Court'' without the statement, or words ''To fill the vacancy caused by the resignation of Justice Lawrence T. Harris,'' which latter quoted words now appear, as certified by the Secretary of State for printing on the official ballot for the election to be held on November 4, 1924.

Section 4003 Or. L. directs in part thus:

''The ballots shall be printed so as to give each elector a clear opportunity to designate his choice of candidates and his answer to the questions submitted by making a mark to the left of the name of the candidate he wishes to vote for, for each office, or to the left of the answer he wishes to make to each question submitted; and on the ballot may be printed such words as will aid the elector to do this, as 'Vote for one,' 'Vote for three,' 'Yes,' 'No,' and the like. The ballot shall be of sufficient length and width to permit this to be properly done. The white ballot shall be arranged and printed in substantially the following form'':

Here follows a copy of the official ballot for precinct No. 132, Multnomah County, Oregon, November 5, 1918, upon which there appears the following:

---

"FOR JUSTICE OF THE SUPREME COURT

Vote for One

| | | |
|---|---|---|
| 27 EVANS, H. W., of Douglas County | | Socialist |
| 28 JOHNS, CHARLES A., of Multnomah County | | Republican |

---

FOR JUSTICE OF THE SUPREME COURT, to fill vacancy caused by the death of Justice FRANK A. MOORE. Vote for One."

---

The part of the form quoted cannot, in consonance with the Constitution, be applied under all circumstances. The general directions should be followed in the present case. There are other plain precedents which the Secretary of State followed.

At the election held in 1918, when there was a vacancy in the office of justice of the Supreme Court, caused by the death of Mr. Justice FRANK A. MOORE; and also at the election in 1920, when there was such a vacancy caused by the resignation of Mr. Justice A. S. BENNETT, there had been no nomination made for either position. It was, therefore, necessary to write in the name of the person voted for at each of said elections. Therefore, there was some seeming excuse for stating on the ballot that the elector should vote for one justice of the Supreme Court to fill a vacancy caused by the death or resignation, of a judge, in order to call the attention of the elector to the necessity of writing in the name of the person to be voted for. In the present situation there has been a nomination made for each position, and no such necessity exists.

The question has not previously been before this court. On account of the necessity of instructions being sent to the various county clerks throughout the state at an early date, counsel had little time for

briefing the question, and we are precluded from discussing at length all of the questions bearing on the point.

1. The names of candidates on the official ballot, where two or more offices of the same kind are to be filled, such as two county commissioners, two or more representatives in the legislature, or two or more justices of the Supreme Court, should be so arranged or grouped, with directions to "Vote for two" or "Vote for three" or as the case may be, so that the electors may choose the number to be elected, either from the list of candidates nominated, or other persons whose names may be written on the ballots, or from both such classes, and cast their ballots accordingly, and have them counted. This is a constitutional privilege or right. Such is the general custom of arranging the names of candidates upon the official ballots in this state. We see no good reason for a change in the present case.

The duties of the two justices of the Supreme Court to be elected are identical. The methods of performing such duties are the same. In their performance there is nothing which differentiates one justice from the other. The two justices have the same term, the same duties, the same responsibilities, the same compensation. The position of each, by virtue of the law, assigns to the incumbent the continuous performance of the same permanent public duties as does the position of the other. The two positions, taken together with the positions of the other five justices of the Supreme Court, in reason and definition, properly and legally constitute in the aggregate the one Supreme Court of the State of Oregon. It is not incorrect, however, to say that each justice holds the office of justice of the Supreme Court.

2. The Constitution and the statute enacting regulations and restrictions as to nominations and elections, are intended to secure and facilitate an efficient, honest and patriotic exercise of the elective franchise. Our Constitution, in so far as the election of the justices of the Supreme Court is concerned, does not recognize a partitioned or divided office of justice of the Supreme Court: *Burr* v. *Voorhis,* 229 N. Y. 382 (128 N. E. 220). The latter case is in principle the same as the case at bar. The Constitution of New York provided that "when a vacancy shall occur, otherwise than by expiration of term in the office of justice of the Supreme Court, the same shall be filled for a full term at the next general election happening not less than three months after such vacancy occurs * * ." Our Constitution, according to the former holdings of this court, makes the same provision. In the State of New York at the election of 1920, there were nine justices of the Supreme Court to be elected in a certain district. There were two other similar vacancies. One vacancy was caused by the death of a member of the court. At the primary election the judge appointed to fill the vacancy caused by the death of a judge until the next election, was a candidate for the nomination and in the proceeding desired to have his name printed on the ballot, so that he would be voted for the specific office of "Justice of the Supreme Court to succeed William P. Burr," and to be opposed only by those who were designated and nominated as candidates and nominees for that particular and specific office. He demanded that there be on the ballots as many sections as there were to be nominees, each section to be titled "Justice of the Supreme Court to succeed (inserting here the name

of a justice whose term is about to expire) Vote for one,'' in order that at the general election each section would be so titled. After an extended discussion it was held, in effect, that the names of the candidates and nominees should be arranged so that the section would be entitled ''Justice of the Supreme Court for the first judicial district. Vote for nine.'' And immediately underneath in a column would be placed, separated by lines, the names of those designated as candidates, and at the general election the section would be so titled and the names so arranged.

The syllabus, which indicates the opinion of the court, reads thus:

''While Const., art. 6, § 1, declares that the Supreme Court shall consist of the justices now in office, and section 4 provides for the filling of vacancies, each justice of the Supreme Court is not the incumbent of the independent and particular office which is defined as a place in governmental system created or recognized by the law of the state, but merely shares in such office, and hence under Election Law, §§ 46, 48, 58, 122, and section 123, subd. 5, and section 331, the ballots for primary election for supreme justice need not designate each justice as though the same were a separate officer, but may contain the names of all the candidates, with directions as to the number to be voted for.''

It is better that the matter should be settled while there is yet time before complications arise. The certificate of the Secretary of State can be corrected without much inconvenience.

3, 4. The duties of the Secretary of State in certifying for the arrangement of the contents of official election ballots are purely ministerial. That officer is not invested by law with any discretion as to the form of ballots or designation of the officer: *State*

*ex rel.* v. *Olcott*, 94 Or. 633.   The writ of *mandamus* is an appropriate remedy to direct the arrangement of the ballot: High on Ex. Leg. Rem. (3 ed.), 41, §§ 31 and 32; 18 R. C. L. 129, § 42.

5. The form of the official ballots for the general election to be held on November 4, 1924, as pertaining to the election of justice of the Supreme Court should be as follows:

| "FOR JUSTICE OF THE SUPREME COURT | |
|---|---|
| | Vote for Two |
| HARRY H. BELT, of Polk County | |
| | Republican |
| O. P. COSHOW, of Douglas County | |
| | Democratic-Progressive |
| PERCY R. KELLY, of Linn County | |
| | Independent |

With two blank spaces below the names of the candidates for writing in names, and with the appropriate numbers, etc., substantially as prayed for in the petition.   The certificate of the Secretary of State should be corrected accordingly.

It follows that the demurrer to the return on the writ is sustained.   Let the writ issue.

                                        WRIT SUSTAINED.

McBRIDE, C. J., and PIPES, J., concur.

Mr. Justice BROWN concurs in the result and reserves the right further to express his opinion.