BRADLEY v. UNION BRIDGE & CONSTRUCTION CO.

(Circuit Court, D. Oregon. February 6, 1911.)

No. 3,689.

1. Statutes (§ 248*)—Initiative and Referendum—Constitutional Provisions.

The initiative and referendum amendment of 1902 provided that a referendum may be ordered by a petition or by the legislative assembly filed not more than 90 days after final adjournment of the session of the legislative assembly which passed the bill on which referendum is demanded, and that any measure referred to the people shall take effect and become the law when it is approved by a majority of the votes cast and not otherwise. *Held*, that the provisions as to the taking effect of the measure referred to the people applied to measures referred only, and not to measures initiated.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 330; Dec. Dig. § 248.*]

2. Statutes (§ 255*)—Initiative—Taking Effect.

The Oregon employer's liability act of November 8, 1910, adopted by the people on November 8, 1910, by virtue of the initiative power vested in them by the state Constitution, took effect on the day of its adoption, there being nothing to the contrary declared therein, without an official canvass of the votes and a proclamation by the Governor.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 336; Dec. Dig. § 255.*]

3. Statutes (§ 248*)—Adoption—Taking Effect—Time—Initiative—Power of Legislature.

Where a statute is enacted by virtue of the initiative power vested in the people by the state Constitution as provided by the initiative and referendum amendment of 1902, the Legislature has no power to regulate the time when the act shall take effect.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 330; Dec. Dig. § 248.*]

At Law. Action by Wallace N. Bradley against the Union Bridge & Construction Company. On demurrer to complaint. Overruled.

O'Day & Haddock, for plaintiff.
Rauch & Senn, for defendant.

BEAN, District Judge. This is a personal injury action brought under the employer's liability act adopted by the people of Oregon on November 8, 1910, by virtue of the initiative power vested in them by the state Constitution. The accident complained of occurred on November 9, 1910, the next day after the election, and the question for decision is whether the law became operative on the date of its adoption, or not until the vote had been officially canvassed and the proclamation of the Governor issued stating the result and declaring the law to be in force and effect, as provided in section 9 of the legislative act "to provide for carrying into effect the initiative and

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

referendum powers reserved to the people," etc., filed in the office of the Secretary of State February 25, 1907 (Laws 1907, p. 405).

It is claimed on behalf of the plaintiff: (1) That, by the terms of the initiative and referendum amendment of 1902, an act proposed to and adopted by the people takes effect and becomes the law from the time of its adoption; and (2) if this is not so the amendment is silent on the subject, and consequently such a law becomes operative from its approval unless otherwise declared therein, and that it is not within the power of the Legislature to postpone its taking effect by general law. The amendment referred to, after declaring that the people reserve to themselves the right to propose laws and amendments to the Constitution, and to enact or reject them at the polls independent of the Legislature (which is defined as the initiative), and also the right and power at their option to approve or reject at the polls any act of the legislative assembly (which is defined as the referendum), and providing the percentage of legal voters which shall be required to propose any measure, the officer with whom and the time in which such petition shall be filed, proceeds:

"The second power is the referendum, and it may be ordered (except as to laws necessary for the immediate preservation of the public peace, health or safety) either by the petition signed by five per cent. of the legal voters, or by the legislative assembly, as other bills are enacted. Referendum petitions shall be filed with the Secretary of State not more than ninety days after the final adjournment of the session of the legislative assembly which passed the bill on which the referendum is demanded. The veto, power of the Governor shall not extend to measures referred to the people. All elections on measures referred to the people of the state shall be had at the biennial regular general elections, except when the legislative assembly shall order a special election. Any measure referred to the people shall take effect and become the law when it is approved by the majority of the votes cast thereon, and not otherwise."

From a reading of the language quoted, it seems clear that the clause providing that a measure "shall take effect and become the law when it is approved by the majority of the votes cast thereon, and not otherwise," has reference only to measures upon which the referendum has been invoked by petition, or which has been referred to the people by the Legislature, and not to measures proposed under the initiative. It is a part of the amendment dealing with the referendum powers. It says "any measure referred to the people," and a measure is so referred only by petition or by the Legislature. The initiative power is defined in the Constitution as the right to propose a law or amendment to the Constitution, while the referendum is the right to approve or reject at the polls any act of the Legislature. An initiative measure is therefore proposed, and one on which the referendum has been invoked or ordered is referred. So, when the Constitution uses the words "any measure referred," it necessarily means a referendum, and not an initiative measure.

There is a clear distinction made between measures proposed for adoption by the people, and measures referred to them for their rejection or approval. In the latter it is declared that the measure shall not take effect and become the law until approved by a majority vote. This was undoubtedly deemed necessary in order to prevent a law

185 F.—35

passed by the Legislature from going into effect as provided in section 28, art. 4 of the Constitution, notwithstanding a referendum has been invoked thereon. No such provision as to when a law proposed by the initiative should go into effect was necessary, however, for it would take effect from and after the date of its approval, unless otherwise declared therein. Matthews v. Zane, 7 Wheat. 164, 5 L. Ed. 425; Robertson v. Bradbury, 132 U. S. 491, 10 Sup. Ct. 158, 33 L. Ed. 405. And in my judgment it is not within the power of the Legislature to regulate the matter by general law. The initiative power reserved to the people is a constitutional right vested in them by the fundamental law of the state and to be exercised "independent of the legislative assembly." When the people exercise such right and enact a law at the polls, it becomes the expressed will of one branch of the lawmaking power, and it cannot be postponed or delayed by the other. If the Legislature may lawfully postpone the taking effect of an initiative measure until the vote has been canvassed and the Governor's proclamation issued, or for any other length of time, the right reserved to the people to propose and adopt laws is not "independent" of, but subservient to, the Legislature; and, if the Legislature may postpone the taking effect of such a law at all, it may do so for any length of time, and thus thwart the will of the people and render nugatory the constitutional provision reserving to them the right to propose and adopt laws. The canvass of the vote and the proclamation of the Governor is only official and authoritative evidence of the result of the election, and is not made necessary to the enactment of the law itself. The law is adopted or rejected at the time the vote is cast, and not when the official canvass is made. It may be suggested that under this view a law may in fact be in force without those affected thereby being aware of it; but this may be and often is true of acts of Congress and other lawmaking bodies which take effect from and after the date of their passage.

The demurrer is overruled, and the defendants will be allowed the usual time in which to answer or plead further.