VEL PHILLIPS Secretary of State
You have requested my opinion "as to exactly when a city or village becomes incorporated under the s. 66.018 procedure."
It is my opinion that a city or village becomes incorporated under a referendum when the majority of the votes cast are for incorporation. *Page 129 
Prior to ch. 261, Laws of 1959, secs. 61.01 through 61.11, Stats. (1957), governed the procedure for incorporating areas of towns into villages, and sec. 61.08, Stats. (1957), provided that "the court . . . shall make an order declaring that such territory . . . shall be an incorporated village by the name specified in such application, if the electors thereof shall assent thereto as hereinafter provided." And, sec. 61.10(1), Stats. (1957), provided that:
 [I]f a majority of such votes shall be in favor of incorporation the inhabitants of such territory shall, from the time of the recording of the order of the court aforesaid in the office of the register of deeds, be deemed a body corporate by the name specified in such order.
Under these provisions, a city or village became incorporated when the order of the court was recorded. See 9 Op. Att'y Gen. 540 (1920).
Sections 61.01 through 61.11, Stats. (1957), were repealed by ch. 261, Laws of 1959, and the current law governing incorporation into villages or cities is secs. 66.013 through 66.018, Stats. There is no specific statutory pronouncement as to the effective date of the incorporation.
Since there is no specific provision as to when the referendum for incorporation goes into effect, the general rule of law prevails: when there is no provision as to when a referendum goes into effect, it takes effect immediately without any further action. See McQuillin, Municipal Corporations 16.70 (Rev. Vol. 3rd Ed. 1969). Also see 44 Op. Att'y Gen. 108 (1955). While this opinion dealt with the effective date of a constitutional amendment, the reasoning and authorities therein are equally applicable to the effective date of local referenda.
Basically, the general rule is that when the will of the electorate has been expressed, it is beyond the power of any legislative body or public officer to alter the effectiveness of the referendum. As stated in Bradley v. Union Bridge Construction Co., 185 F. 544, 546 (Cir.Ct. D. Oregon 1911): *Page 130 
 When the people exercise such right and enact a law at the polls, it becomes the expressed will of one branch of the lawmaking power, and it cannot be postponed or delayed by the other. If the Legislature may lawfully postpone the taking effect of an initiative measure until the vote has been canvassed and the Governor's proclamation issued, or for any other length of time, the right reserved to the people to propose and adopt laws is not "independent" of, but subservient to, the Legislature; and, if the Legislature may postpone the taking effect of such a law at all, it may do so for any length of time, and thus thwart the will of the people and render nugatory the constitutional provision reserving to them the right to propose and adopt laws. The canvass of the vote and the proclamation of the Governor is only official and authoritative evidence of the result of the election, and is not made necessary to the enactment of the law itself. The law is adopted or rejected at the time the vote is cast, and not when the official canvass is made. It may be suggested that under this view a law may in fact be in force without those affected thereby being aware of it; but this may be and often is true of acts of Congress and other lawmaking bodies which take effect from and after the date of their passage.
There is some indication that the Legislature, in enacting the current law, secs. 66.013 through 66.018, Stats., intended that a successful referendum become immediately effective. Section 66.018(5), Stats., provides in part: "If a majority of the votes in an incorporation referendum are cast in favor of a village or city, the clerk of circuit court shall certify the fact to the secretary of state." While it could be argued that this certification refers to the results of the referendum, it is more reasonable, in view of the general rule, to construe "certify the fact" as meaning the fact of incorporation.
To conclude that incorporation occurs at some other time, i.e., when, under sec. 66.018(5), Stats., the clerk of circuit court certifies to the secretary of state or when the secretary of state certifies and records the incorporation, would put the effective date of the referendum at the whim of other officers who are under no specific time constraint within which to perform their strictly ministerial tasks. I do not believe the Legislature intended this. *Page 131 
The matter is not free of doubt and specific legislation on the point would be desirable.
BCL:JJG