Argued January 4, writ of *mandamus* allowed February 9, costs retaxed March 30, 1915.

## PHY v. WRIGHT, COUNTY CLERK.

(146 Pac. 138; 147 Pac. 381.)

**Constitutional Law—Amendments—Time of Taking Effect—Proclamation by Governor.**

1. Under Constitution Article XVII, as amended in 1906, regarding the adoption of constitutional amendments, and providing that they shall be in force from the Governor's proclamation declaring their adoption, includes amendments proposed by initiative petitions, and the amendment of 1910 to Article VII (see Laws 1911, p. 7), regulating the term of office of county judges, took effect on December 3, 1910, when proclaimed by the Governor, and not on November 8th, when the polls were closed at the election which established it.

Judges—Term of Office—Constitution—Amendment—Construction.

2. The 1910 amendment to Constitutional Article, VII, Section 1, regulating the term of office of county judges and reading "The judges * * shall be elected for a term of six years," affects the terms only of officers elected after the provision went into effect, and hence cannot nullify the election of the successor of one previously elected, at the close of his term under the previous law.

Mandamus—Costs—Supreme Court.

3. Article VII, Section 2, of the Constitution, provides that the Supreme Court may, in its discretion, take original jurisdiction of *mandamus, quo warranto* and *habeas corpus*. Section 624, L. O. L., gives exclusive jurisdiction in *mandamus* to the Circuit Court, except that the Supreme Court shall have jurisdiction in *mandamus* to protect its jurisdiction. *Held,* that while the constitutional jurisdiction of the Supreme Court in *mandamus* was not limited by Section 624, L. O. L., yet in administering the remedy the Supreme Court would follow the procedure prescribed for the Circuit Court, so that where plaintiff obtained the writ against a county clerk directing the issue of a certificate of election, plaintiff, not being limited by Section 621, L. O. L., in recovery of costs to a case where damages also were recovered, was entitled to costs as in the Circuit Court; that is, a filing fee of $5, a trial fee of $6, costs $10, and the expense of printing brief required by the rules $25.

Original proceeding in *mandamus.*

In Banc.    Statement by MR. JUSTICE EAKIN.

This is a *mandamus* proceeding commenced originally in this court by J. F. Phy against Ed. Wright, county clerk, for the purpose of compelling him to issue to plaintiff a certificate of election as county judge. The facts are stipulated as follows: That on or about the 8th day of November, 1910, J. C. Henry was duly and regularly elected to the office of county judge for Union County; that about October 24, 1914, the Supreme Court of the State of Oregon rendered the decision in the case of *State ex rel. v. Holman,* 73 Or. 18 (144 Pac. 429); that at that time both J. F. Phy and J. C. Henry had been nominated as candidates for the said office, and at the regular general biennial election held on the 3d of November, 1914, almost all of the qualified voters of Union County cast ballots for their choice of the persons whose names were printed upon

said official ballots as candidates for the office of county judge, and that J. F. Phy, plaintiff, received the largest number of said ballots so cast; that thereafter J. F. Phy applied to the county clerk for a certificate of election, and said county clerk, defendant herein, refused to issue said certificate. To this writ of mandamus the defendant, besides denials, alleges certain defenses, the principal of which are that the amendment in 1910 of Section 1 of Article VII of the Constitution operated to change the term of office of county judges from a four year to a six year term; that the amendment took effect at the closing of the polls on election day, November 8, 1910, and that, as said Henry's election occured on the same day, and at the close of the polls resulted in his election, the amendment included his new term, making it six years; that the said amendment postponed the date of the election of county judge in Union County until November, 1916; that the election at which Phy claims to have been elected, so far as the election of the county judge in Union County is concerned, was void; and that he was not entitled to the certificate of election. The case was submitted to this court upon the said stipulation of facts, and is here for decision upon the merits.        WRIT ALLOWED.

For plaintiff there was a brief over the name of *Messrs. Crawford & Eakin,* with an oral argument by *Mr. Thomas H. Crawford.*

For defendant there was a brief over the names of *Messrs. Cochran & Eberhard* and *Mr. Francis S. Ivanhoe,* with an oral argument by *Mr. George T. Cochran.*

As *amici curiae,* there was a brief submitted by *Mr. Glenn E. Husted, Messrs. Hardy, Woodley & Behrends,*

*Messrs. Kuykendall & Hamilton, Mr. J. B. Dodson* and
*Mr. M. H. Kendall.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The amendment of Article VII of the Constitution,
so far as it is involved here, provides:

"Section 1.　The judicial power of the state shall be
vested in one Supreme Court and in such other courts
as may from time to time be created by law.　The
judges of the supreme and other courts shall be elected
by the legal voters of the state or of their respective
districts for a term of six years. * *

"Sec. 2.　The courts, jurisdiction, and judicial sys-
tem of Oregon, except so far as expressly changed by
this amendment, shall remain as at present constituted
until otherwise provided by law. * * "

Article VII, as amended, contains but 7 sections,
while the original article contained 21 sections.　The
amendment does not expressly repeal any section of
the original article, and the other sections remain in·
force by the language of Section 2 of the Constitution,
except so far as they are inconsistent with the amend-
ment; for instance, Section 8, as to the holding of courts,
Section 9, as to the jurisdiction of Circuit Courts, Sec-
tion 11, as to the existence of the County Court, Section
12, as to the County Court's jurisdiction, Section 13,
relating to the issuance of writs of *habeas corpus,* and
many other of its sections.　Section 11 is not repealed
in terms, but it is affected by the amendment of Section
1 as to the length of the terms of county judges elected
after the taking effect thereof.

1, 2. A great deal was said at the argument as to
when the amendment of Article VII took effect.　It was
adopted at the election of November 8, 1910.　The
votes therefor were canvassed by the Secretary of
State, showing a majority in favor of the amendment,

and on December 3, 1910, the result of said election was proclaimed by the Governor, in compliance with Article XVII of the Constitution, as amended in 1906. The amendment was proposed by an initiative petition, and submitted to the voters at that time. As amended it reads:

"Section 1. Any amendment or amendments to this Constitution may be proposed in either branch of the legislative assembly, and if the same shall be agreed to by a majority of all the members elected to each of the two houses, such proposed amendment or amendments shall, with the yeas and nays thereon, be entered in their journals and referred by the Secretary of State to the people for their approval or rejection, at the next regular general election. * * If a majority of the electors voting on any such amendment shall vote in favor thereof, it shall thereby become a part of this Constitution. (The votes for and against such amendment or amendments, severally, whether proposed by the legislative assembly or by initiative petition, shall be canvassed by the Secretary of State in the presence of the Governor, and if it shall appear to the Governor that the majority of the votes cast at said election on said amendment or amendments, severally, are cast in favor thereof, it shall be his duty forthwith after such canvass, by his proclamation, to declare the said amendment or amendments, severally, having received said majority of votes to have been adopted by the people of Oregon as part of the Constitution thereof, and the same shall be in effect as a part of the Constitution from the date of such proclamation.) When two or more amendments shall be submitted in the manner aforesaid to the voters of this state, at the same election, they shall be so submitted that each amendment shall be voted on separately. (No convention shall be called to amend or propose amendments to this Constitution, or to propose a new Constitution, unless the law providing for such convention shall first be approved by the people on a referendum vote at a

regular general election.   This article shall not be con-
strued to impair the right of the people to amend this
Constitution by vote upon an initiative petition there-
for.)''

Defendant insists that amendments proposed by
initiative petitions do not take effect by virtue of Arti-
cle XVII of the Constitution; that by the last sentence
of the article such amendments are reserved from its
application, and it would take effect upon the closing
of the polls; but by a former clause it is provided that
''the votes for and against such amendment, * *
whether proposed by the legislative assembly or by
initiative petition, shall be canvassed by the Secretary
of State,'' etc., so that the last sentence of the article
has reference only to requirements of some other
political act to accomplish the amendment.   To give it
the effect of requiring immediate operation upon the
completion of the vote would completely nullify the
language last above quoted.   Governor LORD, the anno-
tator of the Code, in a note at page 24, says:

''This measure * * became effective on proclama-
tion of the Governor December 3, 1910.''

The case of *Bradley* v. *Union Bridge & Construction
Co.* (C. C.), 185 Fed. 544, relied upon by the defendant,
is not at all in point.   Justice BEAN in that case holds
that, as to laws adopted upon initiative petition, the
right is reserved to the people independently of the
legislative assembly, and therefore it was not within
the power of the legislature to fix the time the initiative
law should take effect; but as to the amendments of the
Constitution the people themselves have determined
by Article XVII of the Constitution when they should
take effect.   The legislature has said nothing on the
subject.   The amendment of Section 1, Article VII, of

75 Or.—28

the Constitution affected the terms of office of those officers elected after it took effect. The amendment is prospective only, stating that "the justices * * shall be elected" for the term of six years, and meaning the officers thereafter elected.

It is also urged that there is no authority for an election of a county judge of Union County in 1914, but that fact is dependent upon whether said Henry's term of office expired in January, 1915. If so, then it is included in the general statute providing for elections, and we have determined it expired January 4, 1915. The amendment makes no reference to the time of the election other than is inferred from the terms of the offices to be filled. The inconsistency of defendant's position appears from the statement in his brief in point 7 of the points and authorities:

"After the 1910 amendment of Article VII, the Constitution provided that the county judge of Union County should be elected at the November election in 1910."

There was no express provision for the election, but there was no election in Union County for county judge after the 1910 amendment of Article VII, and there must have been some retrospective language therein before such a conclusion could be drawn. These holdings are conflicting with the decision in *State ex rel.* v. *Holman,* 73 Or. 18 (144 Pac. 429). It is said in the brief of Husted, Hardy, Woodley and Behrends, at page 11:

"The case is in a large part an example of that growing class of cases, the nature of which perhaps warrants their characterization as '*quasi* litigation,' wherein there is no real, substantial, and earnest controversy among the parties, each asserting and desiring to assure to himself rights in matters of moment

to himself, but wherein are involved questions of general public interest and movement, an authoritative opinion on which is generally desired, only or largely to the end that the public business or some public enterprise may be freed from doubts as to its legality, * * presented, nevertheless, somewhat casually and with entire absence of contentious enthusiasm. Generally, it is true that to some of the parties at least it matters not what the decision of the matter is, only that the matter in doubt may be definitely decided; and frequently it is true that all parties to the suit and their counsel, including those who, for the sake of presentation, espouse contrary views, are generally desirous that the court shall reach one particular conclusion.''

That was largely the condition in this case. No contestant was presented for election in Multnomah County for county judge, nor was there any controversy as to the term of T. J. Cleeton or emphasis made in presenting the case. It seemed to have been taken for granted that he held over, and we have by a thorough investigation of the subject arrived at the conclusion that in the Union County case Henry's office expired January 4, 1915, and that we are justified in ignoring the decision in *State ex rel.* v. *Holman,* 73 Or. 18 (144 Pac. 429).

WRIT ALLOWED.      COSTS RETAXED.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE BURNETT dissent.

Retaxed March 30, 1915.

## ON MOTION TO RETAX COSTS.

(147 Pac. 381.)

In Banc.    Statement by MR. JUSTICE BURNETT.

This was an original proceeding in *mandamus* in this court.    The plaintiff prevailed and filed his cost bill containing the following items:

| | | |
|---|---|---|
| Filing fee | $15 | 00 |
| Trial fee | 6 | 00 |
| Brief (23 pages) | 25 | 00 |
| Statutory attorney fee (costs) | 15 | 00 |
| Total | $61 | 00 |

The defendant objected to each of these items on the ground that there is no statute authorizing the taxation or collection of such fees in an original proceeding in this court, and now moves to retax the same for like reasons.                    COSTS RETAXED.

*Messrs. Cochran & Eberhard,* for the motion.

*Messrs. Crawford & Eakin, contra.*

MR. JUSTICE BURNETT delivered the opinion of the court.

3. In its latest amended form Section 2 of Article VII of the Oregon Constitution says:

"The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment shall remain as at present constituted until otherwise provided by law.    But the Supreme Court may, in its own discretion, take original jurisdiction in *mandamus, quo warranto,* and *habeas corpus* proceedings."

The statute prescribing the procedure in *mandamus* was enacted as part of the Code of Civil Procedure in 1862, and remains unchanged to this day. Section 624, L. O. L., reads thus:

"The Circuit Court or judge thereof of the county wherein the defendant, if a public officer or body, exercises his or its functions, or if a private person or corporation, wherein such person resides or may be found, or such private corporation might be sued in an action, shall have exclusive jurisdiction of the proceeding herein prescribed, except that the Supreme Court shall have jurisdiction of such proceeding in all cases arising in the state where it may be necessary or proper to enable such court to maintain its appellate jurisdiction."

In our judgment the effect of the excerpt from the fundamental law already quoted is to enlarge the jurisdiction of this court beyond the terms of Section 624, L. O. L., and make it, so far as original power is concerned, concurrent with the Circuit Courts of the state. In taking original jurisdiction, therefore, of a case like the present, this court must adopt and be governed by the procedure laid down before for the Circuit Court. In other words, as to original jurisdiction, when it chooses to exercise the same, it assumes the same relation to proceedings in *mandamus* as that occupied by any Circuit Court. Considering that the defendant was called to account in this proceeding in respect to his functions as the county clerk of Union County, it is plain that this court must be governed exactly as that court would have been had the proceeding been initiated there.

An incident in *mandamus* procedure is described in Section 621, L. O. L.:

"If judgment be given for the plaintiff, he shall recover the damages which he shall have sustained by

reason of the premises, to be ascertained in the same manner as in an action, together with costs and disbursements, and a peremptory *mandamus* shall be awarded without delay.''

It has been decided by this court in *Bush* v. *Geisy,* 16 Or. 355, 362 (19 Pac. 123), that the right of a plaintiff in a *mandamus* proceeding to recover costs under this section does not depend upon his claiming or recovering damages therein. He is entitled to costs as a matter of course upon obtaining the relief sought. We consider, therefore, that the costs and disbursements should be taxed in this court in-this original proceeding exactly as they would have been taxed in the Circuit Court of Union County if the same result had been reached there as was attained in this litigation. The amount of costs for the Circuit Court when judgment is given after a trial of issue of fact is $10: Section 565, L. O. L. By the succeeding section a party entitled to costs must be allowed for all necessary disbursements. The filing fee as prescribed by Section 1113, L. O. L., in a case of this kind, is $5. The trial fee prescribed for a county like Union under the terms of this section is $2. As to the item of $25, fee for brief, it may properly be classed as a necessary disbursement, although it may not be specifically named by the statute; but, owing to the crowded condition of our docket, it is essential to the proper administration of the business of the court that the arguments of counsel should be preserved for our benefit in the form of printed briefs. This practice has been in vogue so long that in a sense it may be called the common law of the state, so that within reasonable limits a printed brief will be considered the subject of a necessary disbursement in the presentation of a case coming under the original jurisdiction of the court. Confining our-

selves, therefore, to the exact question presented here we hold that the costs and disbursements in this action should be taxed in favor of the plaintiff as follows:

| | |
|---|---|
| Filing fee | $ 5 00 |
| Trial fee | 2 00 |
| Costs | 10 00 |
| Brief | 25 00 |
| **Total** | **$42 00** |

With this modification, the former opinion will be withdrawn and this one substituted.

COSTS RETAXED.