Argued March 26, writ dismissed April 9, 1918.

# STATE ex Rel. v. BEVERIDGE.

(171 Pac. 1173.)

**Justices of the Peace—Tolling from Office—Power of Legislature.**

1.    While the legislative assembly could not forcibly oust an incumbent from the office of justice of the peace, it could toll him out of such office by giving him a better office, which he accepts, as was done in the City of Portland by Act Feb. 28, 1913 (Laws 1913, p. 732), creating District Courts therein and appointing justices of the peace to be judges thereof.

**Justices of the Peace—Resignation—Acceptance of Other Office.**

2.    Acceptance of the office of judge by a justice of the peace works a resignation of his office.

**Justices of the Peace—Vacation of Office—Acceptance of Other Office.**

3.    Since Article II, Section 10, of the Constitution, declares no person shall hold more than one lucrative office at the same time, a justice of the peace vacated his office by accepting a judgeship under Act Feb. 28, 1913 (Laws 1913, p. 732), creating District Courts in certain cities.

**Judges—Appointment—Legislative Power.**

4.    It was competent for the legislative assembly to appoint a justice of the peace in a city to a newly created office of judge of a District Court, as was done by Act Feb. 28, 1913 (Laws 1913, p. 732), creating District Courts in certain cities.

**Judges—Term of Office—Vacancy—Election.**

5.    By Act Feb. 28, 1913 (Laws 1913, p. 732), creating District Courts in certain cities, appointing justices of the peace to the new offices, and repealing all acts and parts of acts providing for Justice's Courts therein, and all acts and parts of acts in conflict therewith, a justice whose term expired in 1918, was appointed a judge of the District Court, and at the next ensuing election in 1914 he was chosen for the regular constitutional term of six years.  *Held,* that there was no vacancy in the office of district judge to be filled at the election in 1918, authorizing placing name of a candidate on the primary ballot.

Original proceeding in Supreme Court.

Department 1.

The defendant Beveridge is county clerk of Multnomah County.  The relator desires to become a candidate for the office of district judge in that county and presented to the county clerk his declaration of candidacy which the officer refused to file.  Thereupon the

relator commenced in this court an original proceeding in *mandamus* to compel the clerk to receive his declaration and put his name on the primary ballot as a candidate for the judicial office in question. The defendant demurs to the writ.          WRIT DISMISSED.

For plaintiff there was a brief over the names of *Mr. Oliver M. Hickey* and *Mr. Paul M. Long,* with an oral argument by *Mr. Hickey.*

For defendant there was a brief over the names of *Mr. F. W. Swope, Mr. Charles C. Hindman* and *Mr. Walter H. Evans,* District Attorney, with oral arguments by *Mr. Swope* and *Mr. Hindman.*

BURNETT, J.—Prior to the act of February 28, 1913, Laws of 1913, p. 732, there were in the City of Portland two justices of the peace elected under the terms of Section 3165, L. O. L., et seq., providing for justices of the peace in cities of the state having 100,000 or more inhabitants. At the November election in 1912, J. W. Bell was elected as one of such justices of the peace. His term of office by virtue of Article VII of the Constitution as amended in 1910, automatically became the period of six years from and after the first Monday of January next following his election. By virtue of the act of February 28, 1913, entitled

"An act to create district courts in cities of 100,000 population or more, defining their jurisdiction, providing districts over which their jurisdiction shall extend, providing a system of practice and procedure therefor, providing for appointment and election of judges therefor, and their salary; providing for a clerk and deputies therefor, and their salaries, and providing for the abolishment of justice's courts in such cities, and repealing sections 3164, 3165, 3166, 3167, 3168, 3169, 3170, 3172, 3173, 3174, 3175, 3176,

3177 and 3178 of Lord's Oregon Laws, and amending section 3164 of Lord's Oregon Laws, and repealing all acts and parts of acts in conflict herewith,"

the District Court, composed of three judges, was created in cities of 100,000 population or more. The act appointed the two justices of the peace in such cities to be judges of the new court and provided for the appointment of a third judge by the judges of the local Circuit Court. J. W. Bell accepted the new appointment and officiated therein until the November election of 1914 when he became a candidate and was elected to succeed himself as judge of the District Court.

1–3. The relator claims that the legislative department could not abolish the office of justice of the peace to the detriment of the then incumbent and that such legislation would be ineffective until the end of the term of the then holder of the office. This contention might be granted if applicable, but while the legislative assembly could not forcibly oust Judge Bell from the office of justice of the peace, yet it could and, as the circumstances disclose, did toll him out of that office by giving him a better one which he accepted. This worked a resignation of the former office: 29 Cyc. 1382. Besides this, it is said in our Constitution that no person shall hold more than one lucrative office at the same time except as in the Constitution expressly permitted: Article II, Section 10, of the Constitution. Hence the situation arose that Judge Bell having accepted the new judgeship, thereby vacated the former judicial position.

4, 5. It was competent for the legislative assembly to appoint him to the new office: *Biggs* v. *McBride,* 17 Or. 640 (21 Pac. 878, 5 L. R. A. 115). The statute under which he was appointed declared in Section 35 thereof

"that all acts and parts of acts providing for a Justice's Court in cities of 100,000 population or more, and all acts and parts of acts in conflict herewith are hereby repealed."

No appointment seems to have been made to fill the vacancy, if any, thus created in the office of the justice of the peace, even if we should consider that the office itself remained until the end of the then current term. Formerly the term thereof elapsed six years from the date of the election of 1912, which except for the change in the law would require the choice of a successor at the election of 1918; but when that time arrives there will be no such office as justice of the peace in such cities, the position having been abolished. That disposes of the office itself. The incumbent disposed of himself by the resignation resulting from his acceptance of the new office. As to the latter station, the appointment of the legislative assembly did not and could not extend his tenure beyond the next ensuing election which was in November, 1914. He was then chosen as district judge by the people for the regular constitutional term of six years which means that his successor will be elected at the general election of 1920, and not sooner.

There being no vacancy to be filled in the personnel of the court at the election to be held in November of the present year, 1918, the defendant was right in refusing to receive the plaintiff's declaration of candidacy. The demurrer is sustained and the writ dismissed.                                WRIT DISMISSED.

McBRIDE, C. J., BENSON and HARRIS, JJ., concur.