Argued March 22, affirmed April 19, rehearing denied May 10, 1927.

# GLADYS JACOBSON v. R. E. L. HOLT, EXECUTOR.

### (255 Pac. 901.)

**Courts—Statute Giving Claimant Against Estate on Rejection of Claim Right to Present It to County Court Held not to Prevent Action Thereon in Circuit Court (Or. L., §§ 386, 1241).**

1. Remedy under Section 1241, Or. L., permitting claimant on rejection of claim against estate to present it to County Court, is not exclusive, but under Section 386 claimant may sue thereon in Circuit Court.

**Courts—Jurisdiction of Probate Matters is in County Courts Until Changed by Statute, and When Changed is in Courts Designated by Legislature (Const., Art. VII, § 12, and §§ 1a, 2b, as Amended in 1910).**

2. Under Constitution, Article VII, Section 12 and Sections 1a, 2b, as amended in 1910, jurisdiction of probate matters until changed by legislative action is in County Courts, and when changed is in courts designated by legislature.

**Courts—Circuit Court of Multnomah County Held to have Jurisdiction of Action on Claim Against Estate Rejected by Executor Without Prior Submission to Judge Sitting in Probate Matters (Const., Art. VII, § 12, and §§ 1a, 2b, as Amended in 1910; Or. L., §§ 386, 1241, 3132–3140).**

3. Laws of 1919, page 69 (Or. L., §§ 3132–3140), passed in pursuance of Constitution, Article VII, Section 12, and Sections 1a, 2b, as amended in 1910, abolishing County Court in every judicial district comprising but one county and having over 100,000 people, and vesting in Circuit Court jurisdiction pertaining to probate courts, applied to Multnomah County, and gave Circuit Court therein jurisdiction of action on claim against estate of decedent rejected by the executors as provided by Section 386 without first submitting claim for allowance under Section 1241 to particular judge thereof who at time was sitting in probate matters.

**Executors and Administrators—Action Against Estate Held not Defective as One Against Executor Individually.**

4. Defendant's action against estate in which he sought recovery against executor as such was not subject to objection that it was one against executor individually.

**Executors and Administrators—Testimony by Witnesses Other Than Claimant as to Value of Services Held Sufficient to Make Judgment Against Executor Who Disallowed Claim Valid (Or. L., § 1241).**

5. Although claim for services to decedent had been disallowed, evidence of witnesses other than plaintiff of performance and value of services sufficient to warrant verdict for amount sued for sufficiently complied with Section 1241, Or. L., prohibiting allowance

of claim rejected by executor except on competent or satisfactory evidence other than claimant's testimony.

**Executors and Administrators—Verdict Against Estate for Services to Decedent, Supported by Substantial Evidence of Witnesses Other Than Claimant, is Conclusive on Appeal (Or. L., § 1241).**

6. In action against estate for services rendered decedent, verdict based on substantial evidence of persons other than claimant, as required by Section 1241, Or. L., is conclusive as to justness of claim and reasonable value of services.

Courts, 15 C. J., p. 1010, n. 53.
Executors and Administrators, 24 C. J., p. 397, n. 63, p. 405, n. 80, p. 410, n. 46, p. 415, n. 24, p. 745, n. 39, p. 763, n. 31, p. 910, n. 90.

From Multnomah: JOHN C. KENDALL, Judge.

Department 1.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. C. H. Finn.*

For respondent there was a brief over the name of *Messrs. Collier, Collier & Bernard and Mr. G. A. Hall,* with oral arguments by *Mr. Henry T. Collier* and *Mr. Hall.*

RAND, J.—This is an action by plaintiff, against the defendant as executor of the last will and testament of George W. Dayton, deceased, to recover for services performed by plaintiff for decedent as a nurse. A duly verified claim for the services was presented by plaintiff to defendant who rejected the claim. After its rejection and the expiration of the time limited by the Code for the commencement of an action against an executor or administrator, plaintiff brought the action in the Circuit Court for Multnomah County, under Section 386, Or. L., which provides that: "An action may be commenced against an executor or administrator at any time after the expiration of six months from the granting of letters

testamentary or of administration, and until the final settlement of the estate and discharge of such executor or administrator from the trust, and not otherwise.'' The cause was tried to a jury and plaintiff had verdict and from the resulting judgment, defendant has appealed.

1. It is defendant's contention that the Circuit Court for Multnomah County had no jurisdiction to try the cause, and that plaintiff's only remedy was that provided for by Section 1241, Or. L. This latter section provides that upon the rejection of a claim against an estate, the claimant may present his claim to the County Court for allowance, giving the executor or administrator ten days' notice of such application and that that court shall have power to hear and determine in a summary manner, all demands against an estate which have been rejected by the executor or administrator, and that an appeal may be taken from its order allowing or disallowing the same.

Section 386 in its present form was enacted in 1862 and has not been amended or repealed, and prior to the 1885 amendment of Section 1241, was the only statute providing for the enforcement of a claim against an estate which had been rejected by an executor or administrator. By the 1885 amendment of Section 1241, the provisions giving to the County Court the power to hear and determine in a summary manner, a claim which had been so rejected and providing for an appeal to the Circuit Court from its decision thereon were added to its former provisions, thereby giving to a claimant whose claim had been rejected his choice of two remedies, either of commencing his action under Section 386, directly in the Circuit Court, or under Section 1241 of first submitting his demand to the County Court, whose decision

was subject to appeal by the losing party. For it was held in *Pruitt* v. *Muldrick,* 39 Or. 353 (65 Pac. 20), that the 1885 amendment did not repeal by implication Section 386, and in that case it was also held that the remedy provided for by Section 1241 was not an exclusive remedy, the effect of which was to authorize a claimant to follow the procedure provided by either of said statutes. *In re McCormick's Estate,* 72 Or. 608, 612 (143 Pac. 915, 144 Pac. 425), holds to the same effect. Those cases are decisive of the question now raised in so far as it is contended that the remedy provided for by Section 1241 is exclusive.

2. Defendant's next contention is, that it was not within the power of the legislature to enact a law depriving the County Court of any county in the state of jurisdiction over probate matters and to vest such jurisdiction in another court, and he cites in support thereof, *State* v. *McDonald,* 55 Or. 419 (103 Pac. 512, 104 Pac. 967, 106 Pac. 444), and *State* v. *O'Day,* 41 Or. 495 (69 Pac. 542), both of which decisions were rendered prior to the 1910 amendment of Article VII of the state Constitution, Section 12 of which before the amendment provided that "the county court shall have jurisdiction pertaining to probate courts." Article VII as amended by Section 1a provides that, "The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law," and by Section 2b that "The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law." The effect of this amendment was to leave the jurisdiction over probate matters, until changed by legislative ac-

121 Or.—30

tion, in the County Courts of the respective counties of the state as it had been formerly, and when so changed to vest such jurisdiction in such courts as should be designated by the legislature. In other words, under this amendment the provisions of Section 12 of Article VII of the state Constitution were to remain in full force and effect so long as no legislative action thereon was taken, but if there should be legislative action, then the will of the legislature as expressed in its enactments, and not the former provisions of said Section 12, would become effective, unless they were in contravention of some other provision of the Constitution: See *State* v. *Farham,* 114 Or. 32, 38 (234 Pac. 806).

3. In conformity to and as authorized by this amendment of the Constitution, the legislature by the act of February 17, 1919 (Laws 1919, Chap. 59; Or. L., §§ 3132–3140), abolished the County Court and the office of county judge in every judicial district in the state comprising but one county and having a population of over 100,000, and provided for the election of one circuit judge in addition to those then holding office in such district, and vested in the Circuit Court for that county the jurisdiction pertaining to probate courts, which act was applicable to Multnomah County because it formed a judicial district comprising but one county and having a population of over 100,000. See *In re Will of Pittock,* 102 Or. 159, 171 (199 Pac. 633, 202 Pac. 216, 17 A. L. R. 218). The only change in the procedure pertaining to a rejected claim against an estate is that provided for in Section 7 of the act, which reads as follows:

"In any proceeding or cause over which, by existing laws, the county court has jurisdiction, all of which are by the provisions of this act transferred to

and heard by the circuit courts of the counties af-
fected by this act, the procedure and practice shall
be governed by the existing laws applicable to such
proceeding without any change, except that appeals
may be taken direct to the supreme court from the
judgments of the circuit court in all such matters,
and except further, that in a probate proceeding in
which a claim is rejected by the administrator or
executor, the claim may be presented to the court for
rejection or allowance, as provided. by section 1241
of Lord's Oregon laws, or, if either party demand it,
the claimant must in the first instance bring action
against the administrator in the manner in which
other actions are brought, and the cause be tried and
disposed of in the same manner as any other action.''

But this section in no way deprives a claimant
whose claim against an estate has been disallowed of
his remedy to sue the executor or administrator as
provided for by Section 386.

From this it follows that the Circuit Court for
Multnomah County did have jurisdiction to hear and
determine plaintiff's claim and that a claimant of a
rejected claim against a decedent's estate may sue the
executor or administrator directly in the Circuit
Court for Multnomah County as provided for by
Section 386, without first submitting her claim for
allowance as provided for by Section 1241 to the
particular judge of that court who at the time hap-
pens to be sitting for the transaction of probate
matters.

4. Defendant's contention that this is an action
against the defendant personally and that he was
not sued in his representative capacity, is not sus-
tained by the pleadings and is disproved by the very
nature of the action and by the relief sought by
plaintiff. For these reasons, the objection going only
to the jurisdiction of the court and the right of plain-

tiff to maintain the action, the demurrer to the complaint was properly overruled, and so far as it pertains to defendant's motions for a nonsuit and for a directed verdict, they were properly denied.

5, 6. But one other point need be considered. Section 1241 provides, "that no claim which shall have been rejected by the executor or administrator, as aforesaid, shall be allowed by any court, referee, or jury, except upon some competent or satisfactory evidence other than the testimony of the claimant." Plaintiff sued for the reasonable value of her services. She offered the testimony of witnesses other than herself showing the performance and value of the services, which, if believed, was sufficient to warrant the return of a verdict in her favor for the amount sued for. This was a sufficient compliance with the requirements of Section 1241, and there being substantial evidence other than her own to prove her claim, the verdict of the jury is conclusive upon the question of the justness of the claim and the reasonable value of the services.

Other points are raised by defendant but we find no substantial error was committed and therefore the judgment must be affirmed.

AFFIRMED.    REHEARING DENIED.

BURNETT, C. J., and COSHOW and McBRIDE, JJ., concur.