Motion to dismiss appeal denied January 10; argued September 20;
affirmed October 3; rehearing denied November 9, 1933

## PHILLIPS ET AL. *v.* ELLIOTT
(17 P. (2d) 1119, 25 P. (2d) 557)

*William Ganong,* of Klamath Falls, for the motion.
*E. L. Elliott,* of Klamath Falls, opposed.

PER CURIAM. Plaintiffs, respondents herein, move to dismiss this appeal on the ground that the notice of appeal was not served and filed within 60 days after the rendition of the judgment appealed from as provided by section 7-503, Oregon Code 1930. The judgment was entered on July 25, 1932, and the notice of appeal was filed with service indorsed thereon on September 24, 1932.

Section 7-109, Oregon Code 1930, provides that the time in which an act is to be done, as provided in the code, shall be computed by excluding the first day and including the last, unless the last day falls upon Sunday, Christmas, or other non-judicial day, in which case the last day shall also be excluded.

It is contended by plaintiffs that by excluding the day on which the judgment was rendered and including the day on which the notice of appeal was filed a period of 61 days had elapsed and, hence, the notice of appeal was filed one day too late. Whatever may be our present view as to the meaning of section 7-109, the question is settled adversely to plaintiffs' contention by *U. S. National Bank v. Shefler,* 77 Or. 579 (143 P. 51) ; *Re Andersen's Estate,* 101 Or. 94 (188 P. 164) ; *Re Application of Riggs,* 105 Or. 531 (207 P. 175) ; *Steeves v. Steeves,* 139 Or. 261 (9 P. (2d) 815).

Motion overruled.

ON THE MERITS
(25 P. (2d) 557)

*E. L. Elliott,* of Klamath Falls (H. C. Merryman, of Klamath Falls, on the brief), for appellant.

*William Ganong,* of Klamath Falls, for respondents.

CAMPBELL, J. This is an action instituted to collect four promissory notes, secured by a mortgage on certain property in Klamath county, Oregon, executed by Liszetta B. Hague to Sarah A. Phillips on December 16, 1928.

On March 4, 1930, Sarah A. Phillips died intestate and thereafter her estate was administered upon and the said notes became the property of plaintiffs, her sole heirs.

On May 15, 1931, Liszetta B. Hague died testate and thereafter defendant, E. L. Elliott, was appointed by the county court for Klamath county as administrator, with the will annexed, of her estate.

On September 28, 1931, plaintiffs presented to said administrator a claim against said estate for the amounts due and owing on said promissory notes.

On December 11, 1931, said administrator, defendant herein, filed with the county clerk of Klamath

county, said claim with the following qualified endorsement thereon:

"Upon examination of the foregoing claim, it appears to the undersigned that said claim should be allowed against said estate only as a part of the purchase price of certain lands upon which claimants hold a mortgage which mortgage is a purchase price mortgage of said lands upon which said mortgage was given."

On January 28, 1932, plaintiff instituted the instant action in the circuit court for Klamath county against the administrator of the said estate, for the collection of the balances due on said notes together with attorney fees for the prosecution of the said action.

To this complaint, defendant demurred on the grounds that the said complaint did not state facts sufficient to constitute a cause of action. This demurrer was overruled and thereafter defendant filed an answer which admitted all the material allegations of plaintiffs' complaint except those in reference to the amount of attorney fees. Subsequently, and before trial, it was stipulated by the parties that 10 per cent of the amount recovered would be a reasonable attorney's fee.

For a "further, separate and special equitable defense", defendant alleged, in effect, that the notes mentioned in plaintiffs' complaint, were secured by a purchase price mortgage and that plaintiffs were estopped from seeking relief other than foreclosing the mortgage.

For a second, further and separate defense, defendant alleged, in substance, the filing of said claim against the estate, the allowance thereof, and the filing of such allowance of claim with the county clerk for

Klamath county by defendant and as plaintiffs have never contested said allowance of claim, they are now barred and estopped from further prosecution thereof.

For a third further and separate defense, defendant alleged in effect that inasmuch as plaintiffs had heretofore refused to release the lien of their mortgage on a portion of the land defendants' testate wished to sell as a railroad right of way, until they were paid a portion of their mortgage, they should "by all right of equity be required to pursue the foreclosure of their mortgage lien and the acceptance of the premises in full settlement of their claim".

Thereafter, the plaintiffs filed their reply in which they admitted the execution of the said mortgage; denied the allowance of the said claim by the said administrator of the said estate; denied, in effect, all the new matter set up in defendant's several separate answers.

The cause of action as well as the equitable defenses was submitted to the court, by stipulation of the parties, without a jury.

The court found in favor of plaintiff and entered judgment accordingly. Defendant appeals.

■ The appellant contends that upon the disallowance of a claim against an estate by an administrator, the only remedy of the creditor is to present his claim to the probate court and that the creditor cannot sue thereon directly in the circuit court.

Appellant's contention in this respect is not tenable. Upon the disallowance of a claim against an estate by the administrator thereof, the creditor has his choice of remedies. He may, after the expiration of six months from the granting of letters of administration, insti-

tute an action for the recovery of the claim directly in the circuit court (Oregon Code 1930, §§ 5-709, 5-710), or he may institute proceedings in the probate court. Oregon Code 1930, § 11-504; *Pruitt v. Muldrick*, 39 Or. 353 (65 P. 20); *In re McCormick's Estate*, 72 Or. 608 (143 P. 915, 144 P. 425); *Jacobson v. Holt*, 121 Or. 462 (255 P. 901).

The administrator filed, with the clerk of the county court of Klamath county, plaintiffs' claim with his action thereon as above quoted. This did not comply with the law requiring him to indorse the claim "examined and approved", or "examined and rejected". Oregon Code 1930, § 11-504. It was more than 60 days after the presentation of the claim before the administrator filed the same with the clerk of the court. This amounted to a rejection of the claim. Oregon Code 1930, § 11-504. Plaintiffs' claim, as presented, was one against the estate generally and as such should have been acted upon.

Appellant contends that the claim should not be allowed as a general claim against the estate because being part of the purchase price and secured by a mortgage on the lands purchased, respondents' only remedy is on the mortgage, and on foreclosure thereof no deficiency judgment could be obtained. Oregon Code 1930, § 6-505.

Regardless of whether or not the notes represented part of the purchase price and were secured by a purchase money mortgage, the respondents had the right to disregard their equitable relief of foreclosing their mortgage and institute an action at law for the recovery of the balances due upon the notes. *Page v. Ford*, 65 Or. 450 (131 P. 1013, Ann. Cas. 1916A, 1048,

45 L. R. A. (N. S.) 247) ; *McGirl v. Brewer,* 132 Or. 422 (280 P. 508, 285 P. 208).

Appellant contends that because the trial court did not make findings of fact and conclusions of law the cause should be reversed.

The instant action was instituted as one at law for the recovery of money, the evidence of indebtedness being in the form of promissory notes. To the complaint, appellant interposed no legal defense, but in his answer interposed what he termed equitable defenses. Oregon Code 1930, § 6-102. Appellant appeared in court and stipulated that because of his equitable defense the cause should be tried by the court without a jury on the equitable side of the court. This was done. Upon disposing of appellant's equitable defenses, the court, without making separate findings of fact and conclusions of law, entered judgment for respondent.

"In the present case when the trial court had disposed of all the issues raised by the defendant's answer, and the plaintiff's reply, constituting the equitable defense of defendants, there was no further issue remaining to be tried, therefore, there was no necessity for allowing the action at law to proceed, and the court, having equitable jurisdiction of the whole matter, it was appropriate for the court to grant complete relief: Acton v. Lamberson, 102 Or. 473 (202 P. 421, 202 P. 732) ; Crossen v. Campbell, 102 Or. 676 (202 P. 745) ; Mendelsohn v. Mendelsohn, 104 Or. 287 (207 P. 158)". *Bell v. Spain et al.,* 110 Or. 114 (222 P. 322, 223 P. 235).

■ With the equitable defenses disposed of, in respondent's favor, there were no issues left to determine. There is no need of findings in an action at law on matters admitted in the pleadings. *Luse v. Isthmus*

*Transit R. Co.,* 6 Or. 125 (25 Am. Rep. 506) ; *McFadden v. Friendly,* 9 Or. 222; *Moody v. Richards,* 29 Or. 282 (45 P. 777) ; *Turner v. Cyrus,* 91 Or. 462 (179 P. 279) ; *Owen v. Leber,* 112 Or. 136 (228 P. 927).

The judgment of the circuit court will be affirmed. It is so ordered.

RAND, C. J., KELLY and BAILEY, JJ., concur.