Argued February 28, peremptory writ issued March 3, opinion
June 4, petition for rehearing denied July 2, 1958

STATE EX REL WERNMARK v. HOPKINS

326 P. 2d 121
327 P. 2d 784

*Hugh B. Collins* and *William V. Deatherage,* Medford, argued the cause and filed a brief for relator.

*George M. Roberts* argued the cause for respondent. With him on the brief were Roberts, Kellington & Branchfield, Medford, and Thomas J. Reeder, District Attorney for Jackson County, and John C. Anicker, Jr., Deputy District Attorney for Jackson County.

Before PERRY, Chief Justice, and ROSSMAN, LUSK, BRAND and WARNER, Justices.

## ROSSMAN, J.

This is a proceeding in mandamus which was instituted in this court as authorized by Constitution of Oregon, Art VII (amended), § 2. Immediately before this proceeding was instituted, the relator had tendered to the defendant, county clerk of Jackson County, a declaration of his candidacy for the Democratic nomination for the office of county judge of Jackson County, and the defendant had refused to file it. Thereupon this proceeding was begun. The petition was challenged by a demurrer on the ground that it did not state a cause. Due to the fact that the time for filing declarations of candidacy was about to expire, this court gave immediate attention to the case. After consideration of the issues which were presented, the court overruled the demurrer and expressed a purpose to file later a statement of our reasons.

The defense to the relator's proceeding was that the defendant could not accept a declaration of candidacy for the office of county judge in the election to be held in 1958 because the term of office for county judge of Jackson County is, so the defendant claimed, six years, and since the incumbent was elected in November, 1954, his term of office would not expire until 1960.

■ The issue presented by the demurrer is this: what is the term of office of the county judge for Jack-

son County. The relator claims that it is, at most, four years. The defendant, as we have indicated, argues that it is six years. Constitution of Oregon, Art VII (amended), § 1, says:

"The judicial power of the State shall be vested in one Supreme Court and in such other courts as may be created by law. The judges of the Supreme and other courts shall be elected by the legal voters of the State or of their respective districts for a term of six years, and shall receive such compensation as may be provided by law, which compensation shall not be diminished during the term for which they are elected."

The first question is whether the county judge for Jackson County possesses the powers and is charged with the performance of duties of the kind that entitle him to be considered a judge, as that word is employed in the constitutional provision just quoted. That provision, it is recalled, says: "The judges of the Supreme and other courts shall be elected * * * for a term of six years." Perhaps more basic and determinative of the question presented is whether the county court of Jackson County is a court within the contemplation of the above-quoted constitutional provision.

ORS 3.130, which entered our laws as Oregon Laws 1947, ch 364, Oregon Laws 1951, ch 582, and Oregon Laws 1955, ch 677, provides:

"All judicial jurisdiction, authority, powers, functions and duties of the county courts and the judges thereof, except the jurisdiction, authority, powers, functions and duties exercisable in the transaction of county business, are transferred to the circuit courts and the judges thereof:

"(a) In any judicial district consisting of * * * *."

It is agreed that the effect of the act just quoted was to transfer all of the judicial functions of the

Jackson County court and the county judge to the circuit court of the State of Oregon for that county.

*State ex rel. Madden v. Crawford,* 207 Or 76, 295 P2d 174, referring to the term "judge" as it is employed in Art VII (amended), § 1, said:

"* * * As ordinarily understood and as we use it here, the term 'judge' is limited to one who conducts or presides over a court of justice. * * * Judges are public officers whose duty it is to exercise judicial functions as a part of the judicial department of the government."

■ In 1951 the office of county judge for Jackson County was stripped of its judicial functions by the law of which we have taken notice. Therefore, when we apply the above definition of the word "judge" to the office to which the incumbent was elected in 1954, the conclusion follows that he was not elected to a judicial office, and that the county court of Jackson County is not a court within the meaning of Art VII (amended) § 1, of the Oregon Constitution.

The power of the legislature to make such a change is unchallenged by the defendant. The latter's acquiescence in the power is warranted by *Fehl v. Jackson County,* 177 Or 200, 161 P2d 782. We conclude that the county judge for Jackson County does not have a term of six years.

The next question is whether the term of office of the county judge for Jackson County is limited by Constitution of Oregon, Art XV, § 2, which reads:

"When the duration of any office is not provided for by this Constitution, it may be declared by law; and if not so declared, such office shall be held during the pleasure of the authority making the appointment. But the Legislative Assembly shall not create any office, the tenure of which shall be longer than four years."

We have seen that the legislature took from the office of county judge for Jackson County all judicial jurisdiction, power, function and authority, leaving only the residue of power mentioned in ORS 203.110, which provides:

> "When county business is being transacted therein, the county court is held by the county judge and two commissioners designated by law, or a majority of such persons."

Prior to the enactment of Oregon Laws 1951, ch 582, of which we have taken notice, the tenure of the office of county judge for Jackson County was fixed by Oregon Constitution, Art VII (amended), § 1, supra. Subsequent to the 1951 amendment, the duration of that office was no longer fixed by Art VII, and we, therefore, believe that when the legislature changed the character of the office so as to remove it from the category of offices the duration of which was provided for by the Constitution, there became applicable Art XV, § 2, above quoted.

The incumbent, having been elected in November, 1954, and the maximum term which he could claim was four years, the relator is entitled to have the county clerk file his declaration of candidacy for the office of county judge of Jackson County in the election of 1958.

The demurrer is overruled.

Roberts, Kellington & Branchfield, Medford for respondent.

ROSSMAN, J.

The defendant (respondent) has filed a petition for a rehearing which does not challenge our holding that, since the enactment of Oregon Laws 1951, ch 582, the county judge of Jackson county no longer possesses any judicial power and the county court over which he presides no longer performs any judicial function. The 1951 act and the legislation supplementary thereto which is cited in our previous opinion were enacted pursuant to Constitution of Oregon, Art VII (amended), § 1. Likewise, the petition for a rehearing says nothing adverse to our conclusion that since 1951 the county judge of Jackson county has possessed no powers except those which are purely administrative and which are employed in the transaction of county business. The defendant argues, however, that the office of county judge of Jackson county, notwithstanding the statute just mentioned, remains one which was created by § 1 of original Art VII of this state's constitution, the pertinent part of which reads:

"The Judicial power of the State shall be vested in a Suprume [sic] Court, Circuits [sic] Courts and County Court, which shall be Courts of Record having general jurisdiction, * * *."

Based upon the premise that the constitutional provision just quoted, and not a statute, created the county court, the defendant urges that nothing in Art XV, § 2, Constitution of Oregon, fixes the term of office of the county judge of Jackson county. That part of our constitution reads:

"When the duration of any office is not provided for by this Constitution, it may be declared by law;

and if not so declared, such office shall be held during the pleasure of the authority making the appointment. But the Legislative Assembly shall not create any office, the tenure of which shall be longer than four years."

Section 3 of original Art VII of the state's constitution prescribed six years as the term for the members of this court, and § 11 of the same article said:

"There shall be elected in each County for the term of Four years a County Judge, who shall hold the County Court at times to be regulated by law."

Section 2 of amended Art VII reads:

"The courts, jurisdiction and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law."

And it will be recalled that amended Art VII, § 1, says:

"The judges of the Supreme and other courts shall be elected * * * for a term of six years * * *."

The provision just quoted was deemed self-executing and since, on December 3, 1910, when it became effective, county judges possessed judicial powers and their courts performed judicial functions, the 1910 amendment extended their term of office to six years. *Phy v. Wright,* 75 Or 428, 146 P 138, 147 P 381, and *State v. Holman,* 73 Or 18, 144 P 429. For similar reasons it was held that the term of a justice of the peace was six years. *Webster v. Boyer,* 81 Or 485, 159 P 1166; Ann Cas 1918D 988, and *State v. Beveridge,* 88 Or 334, 171 P 1173. In like vein, this court ruled that amended Art VII authorized the legislature to abolish the county court or alter its jurisdiction. *In re Will of Pittock,* 102 Or 159, 199 P 633, 202 P 216, 17 ALR 218; *Astoria v. Cornelius,* 119 Or 264, 240

P 233; *Jacobson v. Holt,* 121 Or 462, 255 P 901. The county court for Jackson county as such has been abolished, and, as we have seen, today possesses no judicial power; therefore, amended Art VII, § 1, no longer confers upon the incumbent a term of six years.

It will be noticed from the foregoing that several parts of our constitution make provision for the term of office of our public officers; to summarize: (1) amended Art VII provides that judges of judicial tribunals have a six-year term of office; (2) Art XV, § 2, enables the legislature to prescribe the term of any office it creates, but not for a duration longer than four years; (3) if the term of any office is not fixed by law, and if the office is appointive, the incumbent holds it "during the pleasure of the authority making the appointment" (Art XV, § 2); (4) if, according to Art XV, § 2, the term of any office "is not provided for by this constitution, it may be declared by law."

■ We have already taken note of the fact that the office in question (a) is not judicial in nature, and (b) is not appointive. Therefore, the provisions enumerated in the first and third of the above categories need not be considered further.

If the defendant's contentions must be accepted as sound, then neither the constitution nor any statute has specified the term for the office of county judge for Jackson county, and, in that event, since it cannot be supposed that the people intend that any elective officer shall remain in office indefinitely, especially in the absence of any statute or constitutional provision which so directs, the situation would strongly suggest that this controversy concerns a nonexistent office; that is, one which is the subject of legislation which was never completed by writing a provision specifying the term of office.

We believe that the defendant's contention of which we have just taken note must be rejected.

■ When the state adopted amended Art VII, the parts of the original article which bore that numeral and in conflict with it were, of course, repealed. The other parts which did not conflict with the new and which were complementary to the latter, according to the decisions already cited, remained in force but were degraded in rank to the point where the legislature was authorized to repeal or amend them. *Fehl v. Jackson County,* 117 Or 200, 161 P2d 782, speaks to that effect. It held that after the adoption of amended Art VII a county judge "was not the incumbent of a so-called constitutional office."

■■ The part of Art XV, § 2, which withholds from the legislature power to declare the term of an office which is fixed by the constitution rests upon the sound rule that constitutional provisions must be kept immune from legislative molestation. However, when amended Art VII itself subjected the provisions of original Art VII to the legislative power by declaring that they remained in effect only "until otherwise provided by law," those provisions could thereupon be repealed or amended by the legislature. Accordingly, when the legislature picked up the gauntlet and enacted the 1951 legislation which deprived the county court of Jackson county of all the judicial powers which original Art VII had conferred upon it and left it with nothing but administrative functions, it cannot be said that the legislature invaded in an unauthorized manner a provision of the constitution. It will be noticed that the change in the county court wrought by the legislature was fundamental. After the adoption of the 1951 act, the county judge no longer had a six-year term of office, his salary was no longer immune from reduction

in amount, he no longer performed any judicial work and he no longer possessed any of the powers of a judicial officer.

■ In determining whether or not the office of county judge of Jacson county was "created" by the legislative assembly, as that word is employed in Art XV, § 2, account must be taken of the purpose of Art XV, § 2, in prohibiting the legislature from interfering with the term of an office designated in the constitution. See, by way of analogy, *State ex rel. Powers v. Welch,* 198 Or 670, 259 P2d 112. Since amended Art VII authorized the legislature to abolish or remake the county court, and the legislative assembly, in embracing that power, retained only the name of the body, but changed it from a court to an administrative unit, we believe that the conclusion is warranted that so far as Art XV, § 2, is concerned, the legislature created the county court of Jackson county.

The petition for a rehearing is denied.

Mr. Justice McAllister did not participate in this decision.