Argued March 2, writ disallowed March 4, 1964

## STATE ex rel TRAVIS v. IMBLER

389 P. 2d 918

*Wayne C. Annala,* Hood River, argued the cause and filed a brief for the plaintiff.

*John F. Cushman,* District Attorney, Hood River, argued the cause and filed a brief for the defendant.

Before McAllister, Chief Justice, and Rossman, Sloan, O'Connell, Goodwin, Deneoke and Lusk, Justices.

LUSK, J.

This is an original proceeding in mandamus brought to require the defendant, the county clerk of Hood River county, to file the relator's declaration of candidacy for the Democratic nomination for the office of county judge of that county at the primary election to be held on May 15, 1964.

It is unnecessary to set forth the allegations of the writ. It is sufficient to say that the question presented is whether the term of Judge Harris A. Higgins, the incumbent of the office in question, will expire on January 4, 1965, as the relator claims, or two years from that date.

Judge Higgins was elected to the office of county judge of Hood River county at the general election held November 8, 1960, qualified, and ever since has been the occupant of the office. It is the contention of the defendant that Judge Higgins was elected for a constitutionally protected six-year term which commenced on the first Monday in January, 1961. The plaintiff contends that, as a result of an act of the legislature passed in 1963, the term of the county judge was reduced to four years. The pertinent legislation is set forth in the margin.[1]

---

[1] **Oregon Laws 1957**, ch 726, p 1335 (ORS 46.025)

The enabling act establishing the District Court of the State of Oregon for the County of Hood River.

**Oregon Laws 1963,** ch 512, § 2, p 907 (ORS 46.093)

"In addition to the jurisdiction otherwise assigned by law, the district courts in Clatsop and Hood River Counties shall

We think that the legislation in question, if applied so as to shorten the term of the incumbent judge, would be in violation of Article VII, § 1, of the Constitution of Oregon, which reads:

"The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law. The judges of the supreme and other courts shall be elected by the legal voters of the state or of their respective districts for a term of six years, and shall receive such compensation as may be provided by law, which compensation shall not be diminished during the term for which they are elected.

The legislation would also run counter to the implied prohibition in Article XV, § 2, which reads in part:

"When the duration of any office is not pro-

---

have judicial jurisdiction as the juvenile court. The provisions of ORS 46.094 and 46.096 shall be applicable to this transfer of jurisdiction."

**ORS 46.092**

"(1) In counties having an established and organized district court the offices and courtrooms of which are located and the functions of which are carried on in the county courthouse, all judicial jurisdiction, authority, powers, functions and duties of the county courts and the judges thereof are transferred to the district courts and the judges thereof, except jurisdiction, authority, powers, functions and duties:

"(a) Pertaining to juvenile courts;

"(b) Set forth in ORS chapters 418, 419, 420 and 444 pertaining to the welfare and health of juveniles and of delinquent and dependent children, provided that the concurrent jurisdiction given county courts in ORS 167.220, subsection (2), is given to the district courts;

"* * * * *"

**ORS 46.094**

"All matters, causes and proceedings relating to such jurisdiction pending in the county court when jurisdiction is transferred to the district court under ORS 46.092 are transferred to the district court."

⁻⁻ vided for by this Constitution, it may be declared by law; * * *."

The office of county judge has not been a constitutional office since the amendment of Article VII in 1910. "Nevertheless," as we said in *Fehl v. Jackson County,* 177 Or 200, 211, 161 P2d 782, "the term of his office and the immunity of his salary from reduction during his term of office were protected by Article VII, § 1." The purpose of such a provision is to secure the independence of judges. See, 1 Kent's Commentaries (14th ed) 292-293; 2 Story on the Constitution (5th ed) §§ 1600-1622. It applies to all judges in the state. It is part of the fundamental law binding on the legislature as on everyone else. To admit a power in the legislature to truncate the constitutional term of a judge after he has been duly elected and assumed his office would be to acknowledge that an act of the legislature may take precedence over the will of the people as expressed in the constitution, and that the legislature may invade the principle of independence of the judiciary which Article VII, § 1, was intended to preserve.

This being so, we will not assume that the act in question was intended to shorten the term of an incumbent judge.

Our decision in *State ex rel Wernmark v. Hopkins,* 213 Or 669, 326 P2d 121, 327 P2d 784, does not control this case. There we were concerned with the validity of an act of the legislature which stripped the office of county judge for Jackson county of its judicial functions. We sustained the validity of the act as applied to that case, but the act of the legislature took effect prior to the election and assumption of the office by

the incumbent. The following quotation from the opinion states the distinction:

> "In 1951 the office of county judge for Jackson County was stripped of its judicial functions by the law of which we have taken notice. Therefore, when we apply the above definition of the word 'judge' to the office to which the incumbent was elected in 1954, the conclusion follows that he was not elected to a judicial office, and that the county court of Jackson County is not a court within the meaning of Art VII (amended) § 1, of the Oregon Constitution." 213 Or at 672.

The importance of the question presented would have made it desirable to state with greater elaboration the reasons for our decision, but the necessity of rendering a decision prior to March 6, 1964, the last day for filing declarations of candidacy, compels us to state merely the conclusion at which we have arrived.

The demurrer to the alternative writ is sustained and the writ disallowed.