Argued November 1, affirmed November 30, 1966

HIGGINS *v.* HOOD RIVER COUNTY ET AL

420 P. 2d 634

*John Jelderks,* District Attorney, Hood River, argued the cause for appellants. On the brief was John F. Cushman,* Hood River.

*Wayne C. Annala,* Hood River, argued the cause for respondent. With him on the brief were Annala & Lockwood, Hood River.

(* District attorney when the brief was filed.)

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

PER CURIAM.

On November 8, 1960, plaintiff was elected county judge of Hood River county. His term of six years commenced on January 3, 1961. In 1963, the legislature transferred all the then remaining judicial functions of his office to the district court of that county. At the primary election in May 1964, the voters of Hood River county adopted a Home Rule Charter. The Charter abolished the office of county judge. Later, the county commissioners refused to pay Judge Higgins' salary. He filed this action claiming his right to the salary. The trial court held that our decision in *State ex rel Travis v. Imbler,* 1964, 236 Or 493, 389 P2d 918, compelled the county to pay the salary for the full term for which Judge Higgins had been elected. The *Travis* case involved the duration of the term to which Judge Higgins had been elected.

The facts in that case were that in 1964, within the time provided by law for the filing of a declaration to become a candidate for office, one John H. Travis filed his declaration to become a candidate for county judge of Hood River county. The county clerk refused to accept the declaration. Mr. Travis brought an original mandamus proceeding in this court to compel the county clerk to accept the declaration.

Mr. Travis, in an unjustified reliance on *State ex rel Wernmark v. Hopkins,* 1958, 213 Or 669, 326 P2d 121, 327 P2d 784, claimed that when the legislature took all of the judicial functions away from the county judge of that court in 1963, it had automatically re-

duced the county judge's term of office to four years and that the position was subject to election in 1964.

We held that the six year term of a judicial office provided by Art VII, § 1,[1] could not be reduced by the legislature. For the same reason stated in the *Travis* opinion, Judge Higgins' compensation for his elected term was equally inviolate.

The county argues that the *Travis* case does not apply because the Home Rule Charter was adopted by authority of Art VI, § 10, of the Constitution after the legislature had removed all judicial functions from the county judge. We cannot agree. It would be of no consequence whether the claimed exercise of power that would avoid the mandate of Art VII, § 1, was by legislative action or by adoption of the Home Rule Charter. Neither would be permissible. *State ex rel Travis v. Imbler,* supra; *Fehl v. Jackson County,* 1945, 177 Or 200, 161 P2d 782.

Affirmed.

---

[1] "The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law. The judges of the supreme and other courts shall be elected by the legal voters of the state or of their respective districts for a term of six years, and shall receive such compensation as may be provided by law, which compensation shall not be diminished during the term for which they are elected."